## RANDALL *vs.* SHRADER.

1. In this State, the husband is not entitled to administration on his wife's estate, to the exclusion of her children or one appointed at their request.

Error to the Circuit Court of Shelby. Tried before the Hon. John D. Phelan.

Rice & Morgan, for the plaintiff in error:
1. In no case is the husband entitled of right to administra-

Randall v. Shrader.

tion upon the estate of his wife, *on the mere ground that he is husband.* He is not the "next of kin" of his deceased wife. Clay's Dig. 220, § 1; Leakey v. Maupin, 10 Missouri, 368.

3. The Orphans' Court could not revoke the letters granted to Randall, by virtue of the 10th section found in Clay's Dig. 222, because there is no application made to revoke by "any of the executors, kindred or creditors of the deceased." The application is by the husband, *as husband,* who is neither executor, creditor, nor of kin to his wife.

WHITE & PARSONS, for defendant:

1. Administration of the wife's estate belongs to the husband. 2 Black. Com. 504; 1 Com. Dig. 486, b. 6; Cro. Cas. 106; 1 P. Wms. 382; Str. Rep. 1118; 1 Hayw. 276; 1 Call 3; ib. 15; 4 Leigh 15; 1 Yerg. 498. And this right is not confered by statute, but is a common law right.—1 Williams on Ex'rs, 243-4; Watt v. Watt, 3 Vesey 244. The husband is not named in any of the statutes granting administration; but says the court in this last case, " the right of the husband is supposed in all the statutes."

2. Administration follows the right of distribution. This is the spirit of our statute, giving as it does to the party who probably is most interested in the estate the right first to administer, and giving to all who are interested the right to administer, before the court can grant administration to one not interested in the estate.—1 Call, 3; 4 Leigh, 152. The husband's rights attached under the marriage contract, (if it is determined that the wife took by said contract a separate estate,) diminished to the extent of the wife's interest, and no farther, she having made no disposition of it during her life and dying intestate. "When the settlement makes no disposition of the property in the event of the wife's death, and provides only for her dominion over it during the coverture, the right of the husband over it as survivor is a fixed and stable right, over which the court has no control, and of which he cannot be divested. The settlement cannot by construction extend beyond the just and fair import of its provisions."—By Kent, Ch. in Stewart v. Stewart, 7 Johns. Ch. 246-8; Bailey v. Wright, 18 Vesey 49; Watt v. Watt, 3 Ves. 243; 4 Yerg. 375; 10 ib.; 6 Hump. 127; Whitaker v. Whitaker, 6 Johns.

CHILTON, J.—This was a proceeding instituted by Henry Shrader in the Orphans' Court, to set aside the grant of letters of administration, or rather to have the same revoked, and himself appointed instead of the plaintiff in error, to whom administration was granted as the sheriff of the county, at the request of the children of the intestate. The Orphans' Court refused to revoke the letters, and the case being carried to the Circuit Court by appeal, that court reversed the action of the court below, revoked the letters, and granted the same to Shrader, the applicant.

The only point involved in the case is whether the husband is entitled to the administration under the laws of this State upon the estate of his deceased wife, to the exclusion of the children of the wife, or one appointed at their request. We lay out of view altogether the deed evidencing an ante-nuptial agreement between Shrader and his wife, as having no influence whatever upon this question; for if the law does not give the husband the right to administer, the deed does not. We have anxiously looked into the authorities, and have examined the elementary writers with much care, to see if we could sustain the husband's right to the administration; for we confess that it would be more consonant with our views of delicacy and propriety to have the settlement of the wife's estate devolve upon him; but contrary to our first impression, and to what we could wish the law should be, we are constrained to hold that in this State the law treats the husband as a stranger so far as concerns the grant of administration. Our statute reads as follows: "If any person die intestate, or the executors named in any testament renounce the executorship, or refuse or neglect for the space of forty days after the death of the testator to exhibit such testament for probate, then administration of the goods and chattels, rights and credits of such intestate, or of such testator with the testament annexed, shall be granted to the widow or next of kin of such intestate or testator, or to some of them; and in case of each of their refusal, then to a principal creditor or creditors of such intestate or testator; and if none of them will accept thereof, then to such other proper person or persons as will accept the same."—Clay's Dig. 220, § 1. By the 10th section, p. 223, it is further provided, "that the administration so committed to any sheriff or coroner may at any time be re-

voked on the application of any of the executors, kindred or creditors of the deceased, and the executor permitted to qualify or another administrator be appointed." It is perfectly clear from the reading of these statutes that the husband, by virtue of them, has no right to the administration, unless he can be regarded as next of kin, and it is well settled that he cannot be so regarded. In Watt v. Watt, 3 Vesey jr. 244, this precise point came before the court, and Lord Chancellor Loughborough said, "the description of next of kin of the wife can in no respect apply to the husband. He is entitled to the personal property of his wife *jure mariti*; her personal property vests in him by the marriage. At the death of the wife, it is necessary for him to have an administration to enable him to get in her personal property; the administration granted to him is granted to him as husband, and when you look at the statutes, there is no law that gives the husband a right by force of the statute to administer to his wife. The husband's right is supposed in all the statutes." The widow is not regarded by the statute as the next of kin,— they both are named. By parity of reasoning, the husband or widower is not next of kin to his wife,—neither is he named. It is clear that he can derive no exclusive right to the administration from the statute. We must then resort to the common law to determine his right, as upon that his right must exist, if it exist at all. In Vanderveer v. Alston, 16 Ala. Rep. 494, we attempted to trace the history of the legislation of Great Britain upon the subject of administering upon estates. It is therefore unnecessary to refer particularly to those statutes in this place. The courts of England seem not to agree as to the source from which the husband's right is derived. At one time it was held that he had no such right either by the statutes or by the common law, and that the ordinary might well disregard his claims and grant the administration to the next of kin of the wife.— Johns v. Rowe, Cro. Cas. 106; Tol. Ex. 84. Other judges have derived the right from the equity of the statute of 21 Hen. 8, giving administration on the husband's estate to the widow or next of kin, or to either.—11 Vin. Abr. 84, n.; Toller, *supra*. Again, it is said to be derived from the statute of 31 Edw. 2, on the ground that the husband is "the next and most lawful friend" of his wife—3 Salk. 22; and Bacon says, "It seems to have been always holden that the husband was entitled to ad-

ministration as best friend of his wife, within the words of this statute," (31 Edw. 2, § 1, ch. 11,)—4 Bac. Abr. (Bouv.) 66. It is by the English authorities, however, considered unquestionably to exist, whatever may have been its foundation,—W'ms on Ex'rs, 243,—and is expressly recognised by the 29 Car. 2, c. 3, § 25; Toller's Ex. 84; Lomax 310; Ram on Assets 179. We think the true doctrine is stated by Lord Hardwicke as to the origin of the husband's right, in Humphrey v. Bullen, 3 Atk. 458, where he says, "At common law, no person at all had a right to administer, but it was in the heart of the ordinary to grant it to whom he pleased," &c.

There is one view of the husband's rights, as recognised by the elementary writers as well as by numerous adjudged cases, which, when taken in connection with the settled law of this State, is conclusive to show that the administration does not belong to him here. It is this; that the right of administration is made to depend upon the husband's right to the property. It is but the means the law places in his power to possess himself of the wife's choses in action, not reduced to possession by him during coverture. So it is said, if a wife make a will with the consent of her husband, he is not entitled to administration.—Bacon's Abr. (Bouv.) 67, n. a, citing 2 Stra. 1112; Marshall v. Frank, Pr. Ch. 480; Gilb. Eq. Rep. 143. So also, if a husband part with all his interest in his wife's fortune, says Mr. Toller, he shall not be entitled to the administration—p. 84; see also 4 Burns' Ecc. L. 232; Williams on Ex'rs, 245. It is true, that in England and the States of the Union which follow the English doctrine, if the husband die before administration on the wife's estate, her next of kin administers, but holds the assets in trust for the next of kin of the husband. This is, however, so far as I am advised, the only exception to the rule above stated; and in The Goods of Mary Gill, 1 Hagg. Rep. 341, the court speaking of this matter said, "The practice of granting these administrations to the representatives of the wife, when the beneficial interest in the property belongs to the representatives of the husband, is very inconvenient, and in defiance of all principle." Notwithstanding the statute gives administration to the next of kin, it is the constant practice to prefer the residuary legatee.—Ib., citing 1 Ver. 217. This proceeds upon the ground of interest, and there is withal a propriety in thus

confering the administration, since his interest may mainly depend upon the proper management of the estate, and in such case his interest becomes an additional incentive to duty. But to apply this principle: It is too well settled in this State by numerous decisions, which it would be unjust and ruinous now to overturn, even were we inclined to question their propriety, that the husband, though he survive his wife, is not entitled to her choses in action, unless reduced to possession during coverture.—See the cases collated in Vanderveer v. Alston, 16 Ala. 497. If he have divested his wife's title during coverture and survive, and sue in respect of such choses in action, they are his own, and the action must be in his individual name, and not as administrator of his wife.—1 Lomax 301; 1 Wms. Ex. 564. In Tennessee and several of the other States, the husband is entitled to the administration, because he has the right to possess himself of and enjoy the wife's choses in action.

Having seen then that at common law no one could claim the right to administer, and that the statute law of this State confers on the husband no such right, but on the contrary both the statute and the well settled law evidently give the administration to the party interested in the estate, and having shown that by the established doctrine of this court the husband has no interest as distributee of the wife, it necessarily results that he has no right to the administration, and having no right, he cannot call in question and procure the reversal of the order of the Orphans' Court appointing another person.—1 Lomax 186.

The judgment of the Circuit Court is reversed and the cause remanded, that a decree may be made in conformity herewith.