[No. 18383.   In Bank.—March 19, 1895.]

IN THE MATTER OF THE ESTATE OF W. W. DAVIS, DECEASED.

ESTATES OF DECEASED PERSONS — RIGHT TO ADMINISTRATION — WIDOW.—
The surviving wife of a deceased person is his "relative," within the meaning of section 1365 of the Code of Civil Procedure, and is only entitled to letters of administration on his estate when she is entitled to succeed to his personal estate or some part thereof.

ID.—RELINQUISHMENT OF RIGHT OF INHERITANCE—ARTICLES OF SEPARATION.—A surviving wife, who, at the time of the death of her husband, was living apart from him in pursuance of written articles of separation, whereby they agreed to divide their property, relinquish all claims of every nature upon the property of each other then owned or thereafter to be acquired, is not entitled to succeed to any portion of his estate, and consequently neither she nor her nominee is entitled to letters of administration thereon.

APPEAL from an order of the Superior Court of Butte County granting letters of administration.

The facts are stated in the opinion of the court.

*E. M. Gibson*, and *Welles Whitmore*, for Appellant.

The appointee of a surviving husband or wife, if a competent person, is entitled to letters of administration, even where such surviving husband or wife is incompetent. (*Estate of Cotter*, Myrick's Probate Decisions, 179; *Estate of Robie*, Myrick's Probate Decisions, 226; *Estate of Cotter*, 54 Cal. 215; *Estate of Stevenson*, 72 Cal. 164; *Estate of Dorris*, 93 Cal. 611; *Estate of Bedell*, 97 Cal. 339.) The question of the right of inheritance of Mrs. Davis in the estate of her deceased husband was not before

the court and was not a question at issue in the application for letters of administration. (*Estate of Cotter, supra; Estate of Stevenson, supra; Estate of Bedell,* 97 Cal. 339; *Estate of Haskell,* Myrick's Probate Decisions, 204; *Estate of Robie, supra.*)

*A. F. Jones,* for Respondent.

VAN FLEET, J.—W. W. Davis died intestate in the county of Butte, in this state, being a resident of said county at the time of his death, and leaving estate therein.

Two applications were made for letters of administration upon his estate, one by the public administrator of said county and the other by B. F. Woolner, as the nominee of Alice A. Davis, the widow of said deceased.

The court granted the application of the public administrator, and denied that of Woolner, and the latter appeals.

At the hearing it appeared that on the seventh day of May, 1878, the said W. W. Davis and Alice A. Davis, his wife, entered into written articles of separation, whereby they agreed to divide their property, relinquish all claims of every nature upon the property of each other then owned or thereafter to be acquired, and to immediately separate and live apart from each other during their natural lives. In these articles Alice A. Davis, the wife, stipulates and agrees, for the consideration expressed, "that she will receive the same in full satisfaction of all claims she may have as the wife of said W. W. Davis on any property he now has or may in any manner acquire; . . . . and hereby does relinquish and surrender forever all claims of any nature she may now or hereafter have against any property that said W. W. Davis may now have or may hereafter in any manner acquire." It further appeared that upon the execution of said articles the parties thereto immediately separated and continued to live apart as therein stipulated down to the death of said deceased; that all the terms and conditions of said articles to be kept and performed by said

deceased were fully executed and carried out by him; and that said articles were in full force and effect at his death.

The only question arising upon this appeal is whether, upon these facts, Alice A. Davis, as the widow of deceased, was entitled to letters of administration upon his estate. If she was, her nominee was so entitled and the order appealed from would be erroneous. The grant of letters of administration in case of intestacy is provided for by section 1365 of the Code of Civil Procedure, which reads: " Administration of the estate of a person dying intestate must be granted to some one or more of the persons hereinafter mentioned, the relatives of the deceased being entitled to administer only when they are entitled to succeed to his personal estate or some part thereof; and they are respectively entitled thereto in the following order: 1. The surviving husband or wife, or some competent person whom he or she may request to have appointed; 2. The children; 3. The father or mother; 4." Etc.

It is to be observed that the statute makes the right of the relatives to administer to depend upon the question of their right to *succeed to the personal estate or some portion thereof.* And it is further to be noted that the term "relatives," as used in the statute, is employed in its generic sense, and so as to expressly include the husband and wife in the same category with the other relatives therein enumerated. The right of the widow to letters, therefore, in this instance, depended upon whether she was entitled to inherit any of her husband's property. We think it clear from the evidence that she was not, and that the conclusion reached by the court below was correct.

The agreement of separation entered into between Davis and his wife was a contract which they were competent to make with one another, and one in fact expressly authorized by the statute. (Civ. Code, secs. 158, 159.) It rested upon a good and sufficient consideration, and was fully carried out. The obvious purpose was

not only to definitely sever the property rights of the parties, but mutually to relinquish and release all inheritable interest of each in the property and estate of the other. It was apt and ample in form for the purpose, and that such was its effect we have no doubt. And that its purpose and effect in that regard are to be upheld is fully sustained by authority. (*Dillinger's Appeal*, 35 Pa. St. 357; *Wickersham* v. *Comerford*, 96 Cal. 433; *In re Noah*, 73 Cal. 583; 2 Am. St. Rep. 829; 88 Cal. 468. See, also, as bearing upon the question, *Estate of Garcelon*, 104 Cal. 570; 43 Am. St. Rep. 134.)

The appellant contends that inasmuch as the agreement could not and did not take from the wife her status as such, she remains the widow of deceased, and is entitled to administer upon his estate irrespective of the question as to her right in the property. In other words, that she is so entitled merely by reason of being the widow, and that the question as to heirship is not involved on an application for the grant of letters. But in neither respect can appellant's position be sustained without doing violence to the express language of the statute. In the first place, as we have seen, the right of the widow to administer, like that of any other relative, is made to depend upon her right to take of the personal estate; and that being so, the question as to her right to inherit is necessarily involved in the application for letters. (See *Howell* v. *Budd*, 91 Cal. 342; *In re Carmody*, 88 Cal. 618.) Of course, she remains the widow, since the parties could not, by their contract, change their matrimonial status; but it was perfectly competent for them to alter their legal relations as to their property, and this they accomplished. The wife contracted away her inheritable interest in her husband's property, and with that right went the right to administer upon his estate.

The principle involved in this provision of the statute, restricting the right of administration to those relatives entitled to take the personal estate, is not new. It is but the expression of a policy which will be found to

control in the statutes of many, if not most, of the states upon the subject, and is well recognized in England. It has its foundation in the consideration that administration should be committed to those who are the ultimate residuary beneficiaries of the estate—those to whom the property will go after administration. Its reason is well stated in 1 Wœrner's American Law of Administration, section 235, where it is said: "It is obvious that those who will reap the benefit of a wise, speedy, and economical administration, or, on the other hand, suffer the consequences of waste, improvidence, or mismanagement, have the highest interest and most influential motive to administer property."

And this principle is held to apply to the case of a husband or wife, when, for any reason, not entitled to inherit equally with any other relative. (1 Wœrner's American Law of Administration, secs. 235–37; *Randall* v. *Shrader*, 17 Ala. 333; *Maurer* v. *Naill*, 5 Md. 324; *Ward* v. *Thompson*, 6 Gill & J. 349.)

It also follows from these principles that the agreement of separation was competent and admissible for the purpose offered, and the lower court did not err in overruling appellant's objection thereto.

Order affirmed.

HARRISON, J., GAROUTTE, J., and BEATTY, C. J., concurred.

McFARLAND, J., concurring.—I concur in the judgment and in the opinion of Mr. Justice Van Fleet. It is to be observed, however, that the case was tried and is argued here upon the theory that by the " articles of separation" Mrs. Davis relinquished all her rights *as heir* of her husband. As to the question whether or not she did so relinquish her heirship, I express no opinion. The language of the said articles is very different from that employed in the case of the *Estate of Garcelon,* 104 Cal. 570.