IN THE MATTER OF THE ESTATE OF STEPHEN R. O'KEEFFE.

[No. 30,536.]

Inheritance—Waiver of Right by Wife in Divorce Proceeding.— The stipulation in this case, signed by a wife in her divorce proceeding, is held not to constitute a waiver of her right to inheritance in her husband's estate.

Thomas W. Hickey, for the public administrator.

F. R. Whitcomb, for the nominee of alleged widow.

COFFEY, J. At the close of the hearing of the petitions on the part of the public administrator and of C. L. La Rue for letters of administration, with the will annexed, of the above-named decedent, all matters were decided except as to one point, whether Mrs. Nellie C. O'Keeffe had, by a stipulation signed by her in her divorce proceeding, waived her right to inheritance in her husband's estate.

The public administrator relies upon the case of In re Davis, 106 Cal. 453, 39 Pac. 756, decided by Mr. Justice Van Fleet, with reference to the construction of articles of separation between the husband and wife, which read substantially as follows: "In these articles Alice A. Davis, the wife, stipulates and agrees, for the consideration expressed, that she will receive the same in full satisfaction of all claims she may have as the wife of said W. W. Davis on any property he has now

or may in any manner acquire; and hereby does relinquish and surrender forever all claims of any nature she may now or hereafter have against any property that said W. W. Davis may now have or may hereafter in any manner acquire.''

In his concurring opinion Justice McFarland says: ''It is to be observed, however, that the case was tried and is argued here upon the theory that by the articles of separation Mrs. Davis relinquished all her rights as heir of her husband. As to the question whether or not she did relinquish her heirship, I express no opinion.''

Mr. Commissioner Chipman, in the case of Jones v. Lamont, 118 Cal. 499, at page 501 (62 Am. St. Rep. 251, 50 Pac. 766), says: ''In Re Davis, 106 Cal. 453, 39 Pac. 756, the agreement read that the wife does relinquish and surrender forever all claims of any nature she may now or hereafter have against any property that said W. W. Davis may now have or may hereafter in any manner acquire. And it was held that the wife contracted away her inheritable interest in her husband's property. Here were apt words importing an intention never to assert in any way any right to the property of the husband, present or future.''

In the case at bar we have a stipulation in a divorce proceeding, reading as follows:

''In the Superior Court of the County of Alameda, State of California.

''NELLIE C. O'KEEFFE,
            Plaintiff,

      v.

STEPHEN R. O'KEEFFE,
            Defendant.

''It is hereby mutually agreed by and between the plaintiff and defendant in the above-entitled action that in the event that a decree of divorce is obtained by plaintiff in said action, that there may be inserted in said decree a provision to the effect that all property questions having been settled by the parties hereto out of court, the said defendant shall not be required by said decree or otherwise to pay to the plaintiff or for or on behalf of plaintiff, any money whatsoever, either as

costs, counsel fees, alimony, suit money or money for her support and maintenance.

"NELLIE C. O'KEEFFE.
"STEPHEN R. O'KEEFFE."

By a comparison of the agreements made in Re Davis, and in the case of Jones v. Lamont, with the stipulation made between Mrs. O'Keeffe and her husband in her divorce proceeding, it will be seen that she waived no right whatever to her children or inheritable interest, and "bartered away" no rights whatever: Jones v. Lamont, 118 Cal. 502, 62 Am. St. Rep. 251, 50 Pac. 766.

By the terms of this stipulation no consideration whatever appears, and it is no part, and never can be any part of the judgment-roll, in the suit brought by Nellie C. O'Keeffe v. Stephen R. O'Keeffe.

It has been decided by this court that no one, after the death of one spouse, outside the parties litigant and the people of the state of California, has any interest in the particular divorce proceeding.

In this case, the superior court of Alameda county, under a petition duly made by Mrs. O'Keeffe, dismissed her action of divorce, and her case now stands as if she had never begun any divorce proceedings whatever; and no one in being can disturb the judgment of dismissal.

This stipulation, then, was signed by the parties, as is evident, during the pendency of divorce proceedings, prior to the entry of the interlocutory order; and was to become effective by the very words of the stipulation only in case a certain judgment was rendered in the pending divorce suit, and comprehended nothing but the pendency of said suit.

The suit is the inspiration of a stipulation and is its vitality. And therefore, with the dismissal of the action in this cause, the stipulation became a nullity. The word "otherwise," in the context, is void of meaning and of force, and of no effect, there being no consideration or mutuality upon which to base it.

C. L. La Rue is appointed as administrator with the will annexed of the estate of the above-named deceased.