[S. F. No. 6015. In Bank.—January 24, 1912.]

In the Matter of the Estate of WILLIAM E. DARGIE, Deceased. THOMAS M. DARGIE, Appellant; ERMINIA P. DARGIE, Respondent.

DIVORCE—INTERLOCUTORY DECREE—EXPIRATION OF YEAR—DISSOLUTION OF MARRIAGE.—In an action for divorce, when an interlocutory decree is made under the provisions of sections 131 and 132 of the Civil Code, declaring that the plaintiff is entitled to a divorce, the

marriage is not dissolved, by force of law, at the expiration of one year from the date of the entry of such decree, without the making or entry of any final judgment or any further order or action of the court regarding it.

ID.—FINAL JUDGMENT NECESSARY TO DISSOLVE MARRIAGE.—To effect the dissolution of the marriage, after the expiration of one year after the entry of the interlocutory decree, the statute requires the entry of a final judgment granting the divorce, which is to be made as the result of further judicial action by the court in rendering the final judgment, on motion of either party, or upon its own motion. Until such final judgment is so entered the parties remain in the legal relation of husband and wife.

APPEAL from an order of the Superior Court of Alameda County granting a family allowance to the widow of a deceased person. Everett J. Brown, Judge.

The facts are stated in the opinion of the court.

Edgar D. Peixotto, and P. F. Dunne, for Appellant.

'A. A. Moore, and Stanley Moore, for Respondent.

THE COURT.—An order was made for the payment of a family allowance to Erminia P. Dargie, as widow of the decedent. The appellant, a nephew and legatee of the decedent, objects to this allowance on the ground that Erminia P. Dargie was not the wife of the decedent at the time of his death and is not his widow. The decedent and Erminia intermarried in 1881. In March, 1906, in a suit for divorce by said Erminia against the decedent, in the superior court of Alameda County, an interlocutory decree was entered declaring that said Erminia P. Dargie was entitled to a divorce from said William E. Dargie and that at the expiration of one year from the entry thereof she would be entitled to a final judgment dissolving said marriage, and that such final judgment should then be entered by the court of its own motion or on motion of either party. No final judgment was ever pronounced or entered in the case. The parties afterward became reconciled and lived together as husband and wife. William E. Dargie died on February 10, 1911.

The appellant contends that, when an interlocutory decree is made under the provisions of sections 131 and 132 of the

Civil Code, in an action for divorce, declaring that the plaintiff is entitled to a divorce, the marriage is dissolved at the expiration of one year from the date of the entry of such decree, and that this dissolution takes place at that moment, by force of law, without the making or entry of any final judgment or any further order or action of the court regarding it.

We cannot agree to this interpretation of the statute. It declares that "when one year has expired after the entry of such interlocutory judgment, the court on motion of either party, or upon its own motion, may enter the final judgment granting the divorce, and such final judgment shall restore them to the *status* of single persons, and permit either to marry after the entry thereof." Clearly there is here contemplated and required further judicial action as a condition precedent to the making and entry of the final judgment. The language is that the "entry" of the final judgment is to be by "the court." This shows that the word "entry" is not used to describe the mere clerical act by the clerk of writing such judgment in the judgment book, but that it was employed to describe and include the action of the court in rendering or pronouncing the final judgment. Whether a formal entry in the judgment book is necessary or not we need not inquire. The statute at least requires that the court shall again act in the case by declaring the final judgment. Unless it so acts there is no authority for the entry of any final judgment. The clerk cannot, in the absence of such action, enter it of his own motion.

It is the final judgment that grants the divorce. The interlocutory judgment does not have that effect. It merely declares the right: that the party is "entitled" to a divorce, a divorce to be afterwards adjudged. By the terms of the statute, it is the final judgment alone that grants the divorce, dissolves the marriage, restores the parties to the *status* of single persons, and permits each to marry again. The statute does not itself declare the marriage dissolved at the expiration of the year from the interlocutory judgment. It merely suspends for one year the power of the court to dissolve it, and, in effect, provides that it becomes dissolved only when, after the expiration of that period, the court has, by its final judgment, so declared. In the mean time the parties remain in the

legal relation of husband and wife. This is in harmony with the decisions in *Deyoe* v. *Superior Court,* 140 Cal. 484, [98 Am. St. Rep. 73, 74 Pac. 28]; *Grannis* v. *Superior Court,* 146 Cal. 250, [106 Am. St. Rep. 23, 79 Pac. 891], and *Periera* v. *Periera,* 156 Cal. 9, [134 Am. St. Rep. 107, 23 L. R. A. (N. S.) 880, 103 Pac. 488]. There is nothing inconsistent with this in *Claudius* v. *Melvin,* 146 Cal. 257, [79 Pac. 897]. The question here involved did not arise and was not discussed in that case. It follows from what we have said that, at the time of the death of the decedent, Erminia P. Dargie was his wife and that she is now entitled to such rights as the law confers upon her, under the circumstances, as his widow, including the right to a family allowance.

The order is affirmed.