[L. A. No. 3814.    Department One.—February 19, 1915.]

In the Matter of the Estate of CORNELIUS WALKER, Deceased. MABEL E. WALKER, Appellant, v. MABEL A. NASON, Respondent.

ESTATE OF DECEASED PERSON—WIDOW'S RIGHT TO ADMINISTER DEPENDENT ON RIGHT OF SUCCESSION.—Under section 1365 of the Code of Civil Procedure, the widow of a deceased intestate, unless she is entitled to succeed to a part of his personal estate, is not entitled, as of right, to letters of administration thereon.

ID.—AGREEMENT BETWEEN HUSBAND AND WIFE—RELINQUISHMENT OF RIGHT OF INHERITANCE IN HUSBAND'S ESTATE.—An agreement between a husband and wife, after a partition of their property, provided: "And the said parties hereby release each to the other, all claim for support, or any claim against the others estate that he or she might have or assert, now or in the future, to any estate now assigned, or hereafter acquired by either, whether received by purchase, descent, inheritance or otherwise." By subsequent clauses it was provided that the agreement should operate as and be a complete adjustment, settlement, and division of all their property rights, relations, and affairs; that in the event either of the parties should thereafter institute divorce proceedings, such action should not in any way affect the agreement, whether the parties remained husband and wife or not; and that, in consideration of the agreement, the wife expressly waived any and all claims she might then have or subsequently acquire against the husband "for alimony, support, maintenance, attorney's fees, or other claim whatsoever." *Held*, that the agreement, taken as an entirety, operated to deprive the wife of any right of inheritance in her husband's estate, and barred her right to administer thereon.

ID.—INTERLOCUTORY DECREE OF DIVORCE—MARITAL RELATION NOT SEVERED BY.—An interlocutory decree of divorce, which has not become final at the time of the husband's death, does not sever the marital relation, nor deprive the wife of her right to administer on his estate.

APPEAL from an order of the Superior Court of Los Angeles County granting letters of administration on the estate of a deceased person. James C. Rives, Judge.

The facts are stated in the opinion of the court.

Schmidt & Riggins, for Appellant.

George M. Harker, for Respondent.

SHAW, J.—Cornelius Walker died, intestate, on November
20, 1913. Mabel A. Nason, his daughter, applied for letters
of administration upon his estate, claiming to be his sole heir.
Mabel E. Walker, the widow of the deceased, also applied
for letters. The two applications were heard together, and
the court thereupon made an order granting letters to the
daughter and denying the application of the widow. From
this order the widow appeals.

Mabel A. Nason was the daughter of the decedent by a
former marriage and was not the daughter of Mabel E.
Walker. The case turns on the right of the widow to succeed
to a part of the personal estate of the decedent, under a writ-
ten agreement between her and the decedent, executed on
November 8, 1911. Under section 1365 of the Code of Civil
Procedure, if by reason of that instrument she is not en-
titled to succeed, letters of administration could not, of right,
be issued to her upon his estate. At the time of the execution
of the agreement, the decedent and Mabel E. Walker were
husband and wife. The agreement was in effect as follows:

The opening clause recited that the parties were engaged in
the piano business and that ''Whereas, each of said parties
is desirous of dividing and segregating the property rights
of each, and the rights of the other, and desire that hereafter
each shall hold control and manage his or her property sepa-
rate from the control of the other;

''Now, therefore, it is agreed

''First. That the estate, both real and personal now owned
or controlled by either or both of said parties, is hereby di-
vided and distributed as follows, and that the part of the
one be segregated from the part of the other'';

Then follows a list of the property given to each, and a
release by each to the other of the property so partitioned.
The second paragraph is as follows:

''Second. And the said parties hereby release each to the
other, all claim for support, or any claim against the other's
estate that he or she might have or assert, now or in the
future, to any estate now assigned, or hereafter acquired by
either, whether received by purchase, descent, inheritance or
otherwise.''

The only other material paragraph is the fifth, which reads
as follows:

CLXIX Cal.—26

"Fifth. It is further agreed and understood that this agreement shall operate as and be a complete adjustment, settlement and division of all their property rights, relations and affairs.

"This agreement is not made in fact, or is it intended as an agreement for separation or for a divorce between the parties hereto, but in the event that either of said parties should hereafter institute divorce proceedings, such action shall not, in any way, affect this agreement which is intended as a final settlement of property interests, whether said parties remain husband and wife, or whether they assume some other or different relation toward each other, and said Mabel E. Walker, in consideration of this property agreement, hereby expressly waives any and all claims, whether in law or equity, she may now have or subsequently acquire against said Cornelius Walker for alimony, support, maintenance, attorneys' fees, or other claim whatsoever."

The appellant's argument is that the instrument, taken as an entirety, shows that the wife did not release or waive her right of inheritance from the husband or to his estate, but merely relinquished to him all right or interest she might have in his property during his lifetime and all claims she might have against him personally, during the marriage, growing out of such property interest or out of the marital relation. This claim is based particularly upon the language of that part of the fifth clause of the agreement wherein she waives any and all claims, whether in law or equity, "against said Cornelius Walker for alimony, support, maintenance, attorneys' fees or other claim whatsoever." This, it is contended, is a specific statement of the particular claims waived, which controls the more general statement of the second clause and confines the waiver to personal claims accruing and enforceable against Walker during his lifetime, and excludes from the operation of the waiver, the right of succession to his estate.

We do not think these expressions were intended to qualify the provisions of the second clause in this manner. The second and fifth clauses evidently relate to somewhat different subjects. In drawing the fifth clause the writer appears to have been guarding against probable or possible claims by her in a contemplated action for divorce and the language was selected with a view to bar such claims. The language of the

second clause shows an intention to cover a broader subject. By its terms it not only includes claims of either against the other for support during the lifetime of the other, but also all claims by each against the estate of the other whether such estate was then held or was thereafter acquired. The phrase "against the others estate," according to common usage, clearly refers to and includes the right of inheritance, and also claims of the wife against the estate of the husband accruing upon his death in her lifetime, such as a family allowance and the like. The instrument in this respect is stronger as a release of the right to succeed than was the contract held to be sufficient for that purpose in *Estate of Davis,* 106 Cal. 453, [39 Pac. 756]. There the release by the wife was "of all claims she may have *as the wife* of said W. W. Davis on any property he now has or may in any manner acquire." The claim to the husband's property by inheritance does not vest until death, and is, technically, a claim as widow, or heir, not as wife. Yet the release was held to bar the right of succession to the husband's estate and the right to administer thereon. In like manner the agreement above quoted bars the right of Mabel E. Walker to administer upon the estate of the husband.

It appears that after the making of this agreement an interlocutory judgment of divorce between them was made in the superior court of Los Angeles County, but that the same had not become final at the time of Walker's death. Consequently the marital relation had not been severed, and had it not been for the agreement aforesaid the wife would have been entitled to administration. (*Estate of Dargie,* 162 Cal. 51, [121 Pac. 320].) The court properly refused to grant the widow letters of administration.

The order is affirmed.

Sloss, J., and Angellotti, C. J., concurred.

Hearing in Bank denied.