A. SAVILLE HEWITT *v.* SAMUEL D. SHIPLEY
[No. 19, October Term, 1935.]

222

*Decided November 1st, 1935.*

The cause was submitted on briefs to BOND, C. J., URNER, OFFUTT, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Michael E. Walsh* and *D. Eugene Walsh,* for the appellant.

*Robert F. Leach, Jr.,* for the appellee.

JOHNSON, J., delivered the opinion of the Court.

This is an appeal from an order of the Orphans' Court of Baltimore City passed April 3rd, 1935, revoking its former action in granting letters of administration to A. Saville Hewitt, brother of Mary Betts Shipley, late of Baltimore City, deceased, upon the estate of the latter, and appointing in his stead Samuel D. Shipley, surviving husband of the intestate. This action was taken as a result of a petition filed by the husband, in which he claimed he had received no notice before such letters were granted his brother-in-law, and that he was legally entitled to administer and share in the estate of his deceased wife. The answer of the administrator denied the right of the husband to notice of the granting of letters, and rested its defense upon the proposition that he, the husband, had surrendered all his rights in the estate of his deceased wife by virtue of an agreement

of separation between him and her dated October 3rd, 1910.

It is admitted that no notice was given the husband of the application for letters, that no divorce had ever been obtained by the parties, and that they had never lived together since the date of the separation agreement. At the hearing before the Orphans' Court, counsel for appellant were offered an opportunity to prove whether or not Mrs. Shipley had been represented by counsel in the preparation of the separation agreement; but no proof was produced. The question presented by the appeal is a narrow one, and its ultimate answer is entirely dependent upon the construction to be given the separation agreement in question, for it is conceded that if the husband had no interest in the estate of his wife, the action of the Orphans' Court in granting letters to some other person without notice to him is not improper. Code, art. 93, sec. 33. See, also, *Dalrymple v. Gamble,* 66 Md. 298, 7 A. 683, 8 A. 468.

The provisions of the separation agreement pertinent to this decision are as follows:

"Second: That the said Samuel D. Shipley will and hereby does hand over to the said Mary I. B. Shipley the sum of six hundred and fifty dollars, and will pay the Court the costs in all divorce proceedings now pending in the Circuit Court for Carroll County in Equity and will relinquish any and all claim or right that he has to a bureau and other articles mentioned and described in schedule filed and return made by Benjamin D. Kemper the Sheriff of Carroll County in the case of Mary I. B. Shipley against Walter Shipley in the Circuit Court for Carroll County; these payments being intended to be and being accepted by the said Mary I. B. Shipley as a fair and just provision for her, considering the means, age and station in life of the said Samuel D. Shipley, the needs and require-

ments of the said Mary I. B. Shipley, and the facts which caused their separation; which said settlement is made in lieu of all the property rights of the said Mary I. B. Shipley, of every kind, character and description vested, inchoate or anticipated, as wife, widow, heir or next of kin, against the said Samuel D. Shipley or his estate.

"Third: That all the wearing apparel and personal ornaments of the said Mary I. B. Shipley, and all movable personal property belonging to her, shall belong to the said Mary I. B. Shipley as her separate estate, independently of the said Samuel D. Shipley. All the property of the said Mary I. B. Shipley, both real and personal, now held by her or which shall hereafter come to her, shall be and remain her sole and separate property, free from all rights of the said Samuel D. Shipley, with full power to her to convey, assign, or deal with the same as if she were single. The said Samuel D. Shipley will, from time to time, execute all such deeds and papers as may be necessary to enable her to sell, assign, or deal with her said property. * * *"

This court has from time to time been called upon to construe such agreements of separation, both prenuptial and postnuptial, and, while no two are exactly alike, the general rule in this and other jurisdictions as to both classes seems to be that such an agreement will not be construed to bar the right of a surviving spouse in the estate of the other, unless it is clearly expressed therein, or necessarily implied therefrom. *Williams v. Holmes,* 9 Md. 281; *Townshend, Admr., v. Matthews,* 10 Md. 251; *Hutchins v. Dixon,* 11 Md. 29, 30; *McCubbin v. Patterson,* 16 Md. 179; *Cooney v. Woodburn,* 33 Md. 320; *Willis v. Jones,* 42 Md. 422; *Moody v. Hall,* 61 Md. 517; *Jaworski v. Wisniewski,* 149 Md. 109, 131 A. 40; *Girard v. Girard,*

29 N. M. 189, 221 P. 801, 35 A. L. R. 1493, and cases cited; 8 *R. C. L.* par 16, p. 404.

It seems likely that the term "necessary implication," when used in this sense, implies so strong a probability of intention that an intent to the contrary than that imputed to one of the parties to such an instrument cannot be reasonably supposed, for, as said by this court in the case of *Cooney v. Woodburn,* 33 Md. 320, quoting with approval from Chancellor Kent in *Stewart v. Stewart,* 7 John. Ch. 229, "the right of the husband, as survivor, is a fixed and stable right, over which the Court has no control, and of which he cannot be divested. The settlement cannot be extended, by construction, beyond the just and fair import of its provisions; and, clearly, the Court cannot create a settlement, or disposition of property, in violation of the *jus mariti,* when none has been made by the party." See, also, *Girard v. Girard,* 29 N. M. 189, 221 P. 801, 35 A. L. R. 1493; *Smith v. Smith,* 57 Ohio St. 27, 48 N. E. 28, 29.

In the case last cited, the separation agreement considered by the court seems to have conferred much broader rights upon the husband than the agreement here under consideration extended to Mrs. Shipley, for it provided that she released any and all claim, right, title, or interest, vested or contingent, in or to any property, present or future, acquired belonging to him. The husband died intestate leaving certain real estate, and it was held that the effect of the language was to give the husband full dominion over his own property with power to dispose of it by will or otherwise without the assent of the wife, but did not affect her right to inherit from him as his widow any property of which he died seised, the court saying: "Permitting the widow to take the inheritance * * * does not violate a single term of the contract of separation. He enjoyed during his life the full dominion of his property, and that is all he stipulated for. He could, had he desired, in the exercise of this full dominion, have given the property to his brothers and sisters, but he did not. Hence, permitting the property to descend as

appointed by the law can be a matter of surprise or injustice to no one, living or dead."

Testing the Shipley agreement by this rule, can it be said to contain anything, express or implied, which would defeat the rights of appellee in the estate of his deceased wife? We think not. It expressly states that all property which she then or subsequently acquired should remain her sole and separate property free from the right of the husband, with full power to sell, assign, or deal with the same as if she were single; that the husband will from time to time execute such papers as may be necessary to enable her to carry out this power. It nowhere states or shows an intention of conferring upon her the right to dispose of it by will and thereby defeat his interest.

As was said by this court in the case of *Willis v. Jones*, 42 Md. 422, 425: "This agreement as well as these conveyances profess to deal only with specific articles and pieces of property, and we find in them nothing whatever evidencing an intention on the part of the husband to abandon his rights to all the property his wife might thereafter acquire and die possessed of, in case there was no divorce. To give this agreement that construction would require us to incorporate into it terms and language which the parties have not used, and this we cannot do. It is clearly no abandonment of the rights the husband now asserts."

An examination of the agreements which were construed by this court in the cases of *Ward v. Thompson*, 6 G. & J. 349, 350, and *Moody v. Hall*, 61 Md. 517, relied upon by appellant, and both of which were antenuptial, clearly demonstrates they have no application to the case under consideration.

Therefore, upon consideration of the agreement now before us and the adjudicated cases upon the subject, we conclude that the husband, Samuel D. Shipley, has an interest in the estate of his deceased wife, and for this reason the order appealed from must be affirmed.

*Order affirmed, with costs to appellee.*