LELAND RAY THOMAS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Thomas v. Commissioner
Docket No. 5940-82.
United States Tax Court
T.C. Memo 1984-106; 1984 Tax Ct. Memo LEXIS 570; 47 T.C.M. (CCH) 1216; T.C.M. (RIA) 84106; March 5, 1984. Leland Ray Thomas, pro se. Mark Priver, for the respondent. PANUTHOS
MEMORANDUM FINDINGS OF FACT AND OPINION PANUTHOS, Special Trial Judge: This case was assigned to Special Trial Judge Peter J. Panuthos for trial pursuant to the provisions of section 7456(c) and (d), [1] and General Order No. 8 81 T.C. V (July 1983). Respondent determined a deficiency in petitioner's 1978 Federal income tax in the amount of $1,000. The sole issue for decision in this case is whether petitioner is entitled to the filing status of "unmarried head of household" for the 1978 taxable year. At the time of filing the petition in this case, petitioner resided at Eagle Mountain, California. By Order of this Court dated December 6, 1983, the record in this case was held open until January 13, 1984, for the parties to submit, as additional exhibits, copies of all previously existing orders relating to petitioner's divorce proceedings in the California courts. The record contains a "interlocutory judgment of dissolution of marriage". However, *572 no additional orders relative to petitioner's divorce proceedings in California were received by this Court. The "interlocutory judgment of dissolution of marriage" was obtained by petitioner in December 1978. [2] During 1978 petitioner, his ex-wife and their child lived together for approximately 2 months. In February 1978 petitioner's ex-wife moved out of the residence they shared. Petitioner continued to reside there with his one-year old daughter and furnished the entire cost of supporting his daughter in the residence in which they lived from that time forward. Petitioner's position is that he followed the instructions in the manual for the Form 1040A for the year as issue and understood he was entitled to file as unmarried head of household. Respondent's position is that section 143 controls the result in this case. [3] We agree with respondent. *573 Under California law an interlocutory divorce decree does not dissolve the marriage. Cal. Civ. Code Secs. 4512; 4514 (West 1983). Such a decree is no more than a judgment that the parties are entitled to a divorce and dissolution occurs only upon the entry of the final decree. Where such a decree does not dissolve the marriage under state law the spouses have generally been treated as still married for tax purposes all well. Riddell v. Guggenheim,281 F.2d 836, 842-843 (9th Cir. 1960). The interlocutory divorce decree does not restore the parties to the status of single persons. They continue to be husband and wife until the entry of the final decree. Estate of Smith v. Smith,241 Cal. App. 2d 205, 50 Cal. Rptr. 374 (1966). It is the final judgment alone that dissolves the marriage and restores the parties to the status of single persons. Borg v. Borg,25 Cal. App. 2d 25, 76 P.2d 218, 221 (1938). See also Seaman v. Commissioner,479 F.2d 336 (9th Cir. 1973). Thus, under California law and for purposes of section 143(a)(1), the taxpayer was married for Federal income tax purposes unless *574 he can show that he was legally separated from his spouse under a decree of divorce or of separate maintenance. The petitioner has provided this Court with no additional information as to the nature of any orders issued by the California courts aside from the "interlocutory judgment of dissolution of marriage" contained in the record. There is no reason to infer, and we will not do so, that petitioner was legally separated from his spouse under the interlocutory decree. For purposes of section 143(a), petitioner was a married individual for the year 1978. Section 143(b) provides an exception to the general requirement in subsection (a) that the determination of whether an individual is married is made at the close of the taxable year. Under certain conditions an individual who is married within the subsection (a) can still file as an unmarried individual and claim a dependent deduction if, among other things, "during the entire taxable year such individual's spouse is not a member of such household * * *." Petitioner does not dispute the fact that his wife lived with him during the first 2 months of 1978. We believe that the statute is clear on its face; sharing the household *575 with a spouse during the tax year at issue precludes petitioner from qualification under section 143(b) and from filing as an unmarried head of household for the taxable year 1978. Accordingly, respondent's determination is sustained. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Petitioner's final judgment decree of divorce was not entered until May 1979.↩
3. SEC. 143 DETERMINATION OF MARITAL STATUS (a) General Rule. - For purposes of part V - (1) The determination of whether an individual is married shall be made as of the close of his taxable year; except that if his spouse dies during his taxable year such determination shall be made as of the time of such death; and (2) An individual legally separated from his spouse under a decree of divorce or of separate maintenance shall not be considered as married. (b) Certain Married Individuals Living Apart. - For purposes of this part, if - (1) an individual who is married (within the meaning of subsection (a)) and who files a separate return maintains as his home a household which constitutes for more than one-half of the taxable year the principal place of abode of a dependent (A) who (within the meaning of section 152) is a son, stepson, daughter, or stepdaughter of the individual, and (B) with respect to whom such individual is entitled to a deduction for the taxable year under section 151, (2) such individual furnishes over half of the cost of maintaining such household during the taxable year, and (3) during the entire taxable year such individual's spouse is not a member of such household, such individual shall not be considered as married.↩