AUSTIN F. BUTTS, Appellant, v. W. W. McMURRY, et al., Respondents.

### St. Louis Court of Appeals, April 12, 1898.

1. **Contract**: SCHOLARSHIP NOT ASSIGNABLE.    The following certificate held not to be a scholarship, and not assignable:

"SCHOLARSHIP.

"SHELBINA COMMERCIAL COLLEGE AND SHORTHAND
INSTITUTE, SHELBINA, MISSOURI.

"This certifies that H. H. Jewett has purchased a scholarship for the sum of thirty dollars ($30) in the shorthand department of this institution and is entitled to all the honors and privileges of a regular student for the term of ——— from date.     J. C. EWING, President.

"CONDITION OF SCHOLARSHIP.

"I hereby agree that this scholarship shall be redeemable only in tuition and it shall cease for the neglect of duty or disobedience, disorderly conduct in or about the college building.
"——— Student"

2. ———: ———.    The certificate filed with the complaint as the foundation of the suit, is in strictness not a scholarship, although called a scholarship.

3. ———: ———.    Its terms import nothing more than a receipt for $30 paid in advance for tuition and a contract to give Jewett instruction in the shorthand department of the school for a term.

4. ———: ———.    The contract is to give *him* instruction—not to give instruction to such person or persons as he may present or nominate.

*Appeal from the Shelby Circuit Court.*—HON. ANDREW
ELLISON, Judge.

AFFIRMED.

W. O. L. JEWETT for appellant.

The statement contains a good cause of action.
Thurston v. McClanahan, 5 Mo. 521; Myers v. Wool-
folk, 3 Mo. 348; Casey v. Clark, 2 Mo. 11; McCartny v.
Auer, 50 Mo. 395; Smith v. Manks, 55 Mo. 106. Under
our law everything arising out of contract can be as-
signed except personal contracts not executed. R. S.
1889, sec. 1990; Melton v. Smith, 65 Mo. 315; Morgan
v. Rouse, 53 Mo. 219; Adams v. Cowherd, 30 Mo. 458.
The test of assignability is whether the cause of action
would pass to the personal representative of a deced-
ent. Dean v. Chandler, 44 Mo. App. 338; Renfro v.
Prior, 25 Mo. App. 402. It is only executory contracts
founded on personal trust that can not be assigned.
Boykin v. Campbell, 9 Mo. App. 495; Lansden v. Mc-
Carthy, 45 Mo. 106.

HUMPHREY & ELLISON and V. L. DRAIN for
respondents.

The contract for the performance of personal serv-
ice is not assignable. Lansden v. McCarty, 45 Mo.
106; Boykin v. Campbell, 9 Mo. App. 495; 2 Am.
and Eng. Ency. Law [2 Ed.], 1036, 1037. No one who
has covenanted to do an act requiring skill and pro-
ficiency can put another in his place without the con-
sent of the opposite party. Flanders v. Lamphear, 9
N. H. 201; Burger v. Rice, 3 Ind. 125.

BLAND, P. J.—From an adverse judgment in a
justice's court plaintiff appealed to the circuit court,
where he filed the following amended petition, to wit:

"Plaintiff for amended statement in this cause, leave of court being had for that purpose, says: That on December 15, 1894, and ever since that time, defendants were and have been partners, running a business college in Shelbina, Missouri, of which J. C. Ewing was and is president. That in December, 1894, defendant employed H. H. Jewett to assist them in organizing said business college and in securing students for the same. That on December 15, 1894, defendants acknowledged in writing that they owed the said H. H. Jewett thirty dollars, which was to be paid in a scholarship in said business college. That afterward, to wit, on the 15th day of January, 1895, defendants issued to said H. H. Jewett one scholarship in said business college worth thirty dollars, signed by J. C. Ewing, president, and it was there and then, when said scholarship was issued and accepted, understood and agreed by and between said H. H. Jewett and defendants that said scholarship might and could be assigned and transferred by said H. H. Jewett, if he so desired. That afterward, to wit, on the 25th day of February, 1897, said H. H. Jewett duly sold and transferred to the plaintiff said scholarship, and afterward, to wit, on the 27th day of February, 1897, plaintiff presented himself for instruction in defendant's said business college, and defendants refused to allow plaintiff to attend said business college under said scholarship, and refused to give plaintiff instruction in said business college in the shorthand department as specified in said scholarship, solely because said scholarship had been assigned, and plaintiff then demanded of defendants the value of said scholarship, which was refused, and defendants thus violated their contract and agreement to plaintiff's damage in the sum of thirty dollars, with six per cent interest thereon from February 27th, 1897, for which sum plaintiff asks judgment with costs."

To the amended petition was attached the following papers:

"Received of H. H. Jewett $30 (in work) for course in shorthand in Business College at Shelbina, Mo.; this is if he assists in getting up number of scholars.				J. C. EWING."

"SCHOLARSHIP.

"Shelbina Commercial College and Shorthand Institute, Shelbina, Mo.

"This certifies that H. H. Jewett has purchased a Scholarship for the sum of Thirty Dollars ($30) in the Shorthand Department of this institution and is entitled to all the honors and privileges of a regular student for the term of —— from date.

"J. C. EWING, President.

"CONDITION OF SCHOLARSHIP.

"I hereby agree that this scholarship shall be redeemable only in tuition and it shall cease for the neglect of duty or disobedience, disorderly conduct, in or about the college building.

"—— Student."

On the back of the certificate of scholarship was the following indorsement: "For value received I assign the within to Austin F. Butts.

"(Signed) H. H. JEWETT."

Defendants filed a general demurrer to the amended complaint, which was by the court sustained and plaintiff refusing to plead further, a judgment was entered on the demurrer in favor of the defendants. From this judgment plaintiff duly appealed. There is but one question presented by this record for our consideration, i. e., was the certificate of scholarship assignable? If it is such a chose in action as can be assigned, it is conceded that the judgment of the lower court should

VOL. 74 app—34

be reversed, and if not, that it should be affirmed. Webster defines scholarship thus: "Maintenance for a scholar or student, the foundation for the support of a student." Worcester's Dictionary gives substantially the same definition. The certificate filed with the complaint as the foundation of the suit, is in strictness not a scholarship, although called a scholarship. Its terms import nothing more than a receipt for $30 paid in advance for tuition and a contract to give Jewett instruction in the Shorthand Department of the school for a —— term. The contract is to give him instruction—not to give instruction to such person or persons as he may present or nominate. It is a contract for instructions to Jewett for services to be rendered to him—not to his assign or to some one whom he may appoint. The contract comes within the rule enunciated in Lansden v. McCarthy, 45 Mo. 106, and is not assignable. The respondents were not bound to admit any and all as students who might present themselves for instruction.

The school is a private, not a public, institution, and the giving of the certificate to Jewett was an election on the part of respondents to admit him into their school. It implied that they reposed confidence and trust in him; this he could not assign to another without the consent of the respondents. Boykin v. Campbell, 9 Mo. App. 495 ; Robson v. Drummond, 2 Barn. & Ad. 303. We approve the ruling of the learned trial judge and affirm the judgment. All concur.