[S. F. No. 11896.   In Bank.—November 10, 1926.]

In the Matter of the Estate of HENRIETTA ELIZABETH PURINGTON, Deceased. MARGARET D. PURINGTON et al., Appellants, v. WM. H. McPHERSON, Executor, etc., et al., Respondents.

[1] ESTATES OF DECEASED PERSONS—WILLS—CHARITIES—STATE INSTITUTION—SECTION 1313, CIVIL CODE.—The amendments of 1917, 1919 and 1925 to section 1313 of the Civil Code served to exempt from the provision therein that a bequest or devise to a charitable or benevolent corporation or to any corporation or person in trust for a charitable use is invalid to the extent that such bequest exceeds one-third of the total value of the estate of the decedent, all absolute bequests and devises and all bequests in trust for charitable uses, where the beneficiary is a state institution or municipality.

[2] ID.—BEQUESTS TO REGENTS OF STATE UNIVERSITY—SCHOLARSHIP FUND—INCOME TO ASSIST STUDENTS—VALIDITY OF BEQUEST.—A bequest to the Regents of the University of California for a scholarship fund, giving the Regents full authority to invest and reinvest the fund and to apply the annual income therefrom to assist deserving women students of the University, who without such assistance might not be able to obtain the advantage

---

1. See 5 Cal. Jur. 11.

of a college education, comes within the exception to the inhibition of section 1313 of the Civil Code and is valid.

[3] ID.—NATURE AND QUALITY OF ESTATE—INTENT.—The nature and quality of an estate or interest bequeathed is to be determined by the intent of the testator, and an intent will be inferred from the character of the conveyance.

[4] ID.—CONSTRUCTION OF WILL—RULE.—In giving a construction to a will, courts consider the whole document in the light of all the circumstances and conclude what was the probable intention of the testator, and courts lean in favor of a charity rather than against it.

[5] ID.—FOUNDING OF SCHOLARSHIPS.—The founding of scholarships is favored by the law; first, on account of their meritorious motive, and, second, on account of the public advantage.

[6] ID.—SCHOLARSHIPS—DEFINITION.—A scholarship means the maintenance for a school or student.

[7] ID.—BEQUEST FOR SCHOLARSHIPS—AUTHORITY OF REGENTS—PREFERENCE OF FOUNDER.—Free scholarships may be established in the state University by any person for the purpose of private benefaction, and the Regents in their corporate capacity may take by bequest any property for its use or to carry out a trust created for its benefit; and in directing the administration of such a trust a founder is not precluded from declaring what preference shall be given to any particular class; the right to give such direction to the management of the charity is generally recognized.

[8] ID.—CHARACTER OF SCHOLARSHIP.—A bequest to the Regents of the University of a fund, the income of which is to be used by them to assist deserving women students to obtain an education, is intended for the benefit of the University in order to assist it in carrying out the objects for which it was created, and the fact that the recipients of the income also receive a benefit in no manner changes the character of the bequest; nor does the fact that the testatrix directed that the income should be apportioned among the ever-changing persons who might be determined to be the most needy and deserving constitute a private charity.

---

(1) 40 Cyc., p. 1054, n. 87.   (2) 40 Cyc., p. 1054, n. 87.   (3) 40 Cyc., p. 1386, n. 85.   (4) 11 C. J., p. 312, n. 76, p. 313, n. 78 New; 85 New; 40 Cyc., p. 1392, n. 11, p. 1414, n. 26.   (5) 11 C. J., p. 317, n. 19.   (6) 35 Cyc., p. 800, n. 20.   (7) 11 C. J., p. 318, n. 32 New; p. 319, n. 41.   (8) 11 C. J., p. 319, n. 41.

3.   See 26 Cal. Jur. 968.
4.   See 26 Cal. Jur. 883; 28 R. C. L. 214.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a partial distribution of the estate of a deceased person. Frank J. Murasky, Judge. Affirmed.

The facts are stated in the opinion of the court.

Leo J. McEnerney and Charles L. McEnerney for Appellant.

Grant H. Smith and John U. Calkins, Jr., for Respondent.

THE COURT.—This appeal involves the validity of a certain bequest made to the Regents of the University of California.

The facts are simple and without conflict. Henrietta Elizabeth Purington died in San Francisco on February 3, 1924, possessed of an estate of the appraised value of $70,-912. She left a last will and testament dated November 13, 1923. After making minor bequests to five of her personal friends she bequeathed a legacy of $7,000 to the endowment fund of Grace Cathedral Corporation. The remainder of the estate was disposed of by her under a residuary clause in her will. The sum of $5,000 was devised to the Regents of the University of California for the maintenance of the laboratory of the Homeopathic Research Foundation, and the remainder of the fund was given to the Regents in trust as a scholarship to be known as the Irene Purington Fund. It was stipulated at the trial that the Grace Cathedral Corporation is a charitable institution. It is claimed, therefore, that the amount bequeathed to charity by the testator is approximately $58,712, which sum is $38,408 in excess of one-third of the net value of the estate exclusive of the absolute specific bequest to the University of the sum of $5,000 for research work which is admitted to be valid, a matter hereinafter referred to.

Upon petition for partial distribution it was contended by appellants, who are heirs at law of said deceased by virtue of their relationship to her deceased husband, that the bequest to the University of the fund for scholarship purposes was a bequest in trust for charitable uses, and hence invalid to the extent that it, together with the specific bequest

to Grace Cathedral Corporation, exceeds one-third of the total value of the estate. After hearing, the trial judge held that the bequest in question was a bequest to the University and therefore not within the inhibition of section 1313 of the Civil Code, and appellants' petition for partial distribution was accordingly denied. The sole question here presented is the validity *in toto* of such bequest. The history of the legislation controlling this subject shows that, up to the year 1917, section 1313 of the Civil Code provided in substance, among other things, that a bequest or devise to a charitable or benevolent corporation, or to any corporation, or person in trust for a charitable use was invalid to the extent that such bequest exceeded one-third of the total value of the estate of the decedent. In the year 1917, the section was amended by adding at the end thereof the following: "And provided further that bequests and devises to the state or to any state institution or for the use or benefit of the state or any state institution, are excepted from the restrictions of this section." (Stats. 1917, p. 272.) In the year 1919 (Stats. 1919, p. 324), the section was recast so as to include the above proviso. The section was again amended in 1925 by exempting from its restrictions all bequests and devises "to any municipality, county or political subdivision within the State."

In the year 1918, after the amendment to section 1313 of the Civil Code, removing the restrictions upon gifts to state institutions, the constitution was amended to the same effect. The amendment reads as follows: "The University of California shall constitute a public trust to be administered by the existing corporation known as the 'Regents of the University of California.' . . . Said corporation shall be vested with the legal title, and the management and disposition of the property of the University and of the property held for its benefit and shall have the power to take and hold, either by purchase or by donation, or gift, testamentary or otherwise, or in any other manner, without restriction, all real and personal property for the benefit of the university or incidentally to its conduct." (Const., art. IX, sec. 9.)

[1] It is manifest that the amendments above recited served to exempt from the operation of section 1313 of the Civil Code all absolute bequests and devises and all bequests

in trust for charitable uses, where the beneficiary is a state institution or municipality. Appellants insist, however, that the instant bequest does not come within the exceptions created by the amendments. It is conceded that the bequest of the sum of $5,000, the income of which it is provided shall be used for the maintenance of laboratory research, is a valid one, because of the fact that the University is a direct recipient of the benefit and therefore the bequest is within the exception made by the amendment of 1917, to section 1313 of the Civil Code. [2] With reference to the remainder of the fund, however, it is contended that the Regents are merely the trustees thereof, having no beneficial interest in either the *corpus* of the bequest or the income to be derived therefrom, the beneficiaries being the women students to be selected, and this being so, the trust under consideration is a private one and does not come within the exceptions created by the amendment to section 1313 of the Civil Code and it is therefore void to the extent that it, together with the other charitable bequest, exceeds one-third of the net distributable value of the estate. We do not so construe the bequest.

The will of the deceased, after providing for the minor bequests and the legacy to the Grace Cathedral Corporation, above referred to, concluded with a residuary clause reading as follows: "3rd—All the rest, residue and remainder of my estate . . . I give to the Regents of the University of California to be by them invested and held as a perpetual fund to be devoted to the following purposes. The sum of Five Thousand Dollars ($5,000.00) shall be set aside, and the income applied to the development and maintenance of the pharmacological research laboratory of the Homeopathic Foundation. The remainder of the fund shall be known as the Irene Purington Scholarship Fund, the annual income whereof shall be applied by the Regents to assist deserving women students at the University of California, who without such assistance might not be able to obtain the advantage of a college education. The Regents of the University of California shall have full authority to invest and reinvest such funds from time to time in such manner as they may deem wise in order to produce as large an income as possible compatible with the safety of the fund itself, to accumulate any unused income and to select

the recipient or recipients as they may fix and to apportion the income among such recipients.''

It seems clear to us that the trust in question is one in trust for the University as it confers upon that institution a benefit to the extent of the bequest, in caring for and advancing the interests of those desiring public education. [3] The nature and quality of an estate or interest bequeathed is to be determined by the intent of the testator, and an intent will be inferred from the character of the conveyance. [4] In giving a construction to a will, courts consider the whole document in the light of all the circumstances and conclude what was the probable intention of the testator. As construing a deed under doubtful circumstances most strictly against the grantor and most favorably for the grantee, courts lean in favor of a charity rather than against it. It is the duty of courts to construe written instruments in order to ascertain the true intention of a testator when it can be done consistently with the law of the land. [5] The founding of scholarships is favored by the law; first, on account of their meritorious motive and, second, on account of the public advantage. [6] A scholarship means the maintenance for a school or student. (Webster's Dictionary; *Butts* v. *McMurray*, 74 Mo. App. 526.) [7] Free scholarships may be established in the University by any person for the purpose of private benefaction (Pol. Code, sec. 1395) and the Regents in their corporate capacity may take by bequest any property for its use or to carry out a trust created for its benefit. (Const., art. IX, sec. 9; Pol. Code, sec. 1415.) In directing the administration of such a trust a founder is not precluded from declaring what preference shall be given to any particular class. The right to give such direction in regard to the management of the charity is generally recognized. Here the complete management and control of the fund is given to the Regents to be invested by them and held as a perpetual fund to be devoted to the purposes of assisting deserving women students who without such assistance might not be able to obtain the advantages of a college education. This is the very purpose and object of a scholarship. The University is a state institution and the beneficiary of many scholarships which it is expressly authorized to take and from the income of which many students derive special benefits. The object

of the University is to impart scholastic knowledge, as a means of human betterment and a scholarship furthers the dissemination of such knowledge, by permitting certain persons to receive this elevating and beneficial influence which a lack of means might otherwise prevent. [8] That the Regents of the University are made trustees of the fund is a strong circumstance going to show that the testatrix intended the bequest for the benefit of the University in order to assist it in carrying out the objects for which it was created. The fact that the recipients also received a benefit in no manner changes the character of the bequest. A scholarship of necessity insures such benefit; nor does the fact that the testatrix directed that the income should be apportioned among the ever changing persons who might be determined to be the most needy and deserving constitute it a private charity. The Regents were required to do this very thing without any direction. In exercising this right and determining the nature and extent of assistance necessary to be given to those selected, a discretion and supervision is vested in the Regents. The testatrix has merely designated a class within which this discretion is to move in conferring the benefits the bequest insures.

To hold that the Regents are the mere trustees of a charitable use whose sole interest consists in the management of the fund and the distribution of the proceeds would be to defeat the manifest intention of the testatrix. Concluding as we do that the bequest is one in trust in which a state institution is the beneficiary, it comes within the exception to the statute and is therefore valid.

From what we have said it follows that the judgment should be and it is hereby affirmed.