[Civ. No. 8028. Second Appellate District, Division One.—November 5, 1931.]

In the Matter of the Estate of FANNY P. VANCE, Deceased. FREDERIC W. FARR et al., Executors, etc., Appellants; CHAMP S. VANCE et al., Respondents.

Hugh A. McNary for Appellants.

Elmer P. Bromley and H. E. Lindersmith for Respondents.

BISHOP, J., *pro tem.*—▇▇ The sole question presented by this appeal is whether or not the following provision of the will of the testatrix is sufficiently definite to create a trust:

"I hereby give . . . all the rest . . . of by estate . . . to my executors . . . in trust, however, to be invested in Bibles, to be distributed in home and foreign lands in such quantities and in such places as may to my said executors seem best."

If this wish of the testatrix should be given effect, the order and decree of distribution, by which the balance of her estate was divided as though she had died intestate, must be reversed. The decree must be affirmed, on the other hand, if we find the language of the will too indefinite to be a valid disposition of her property. We agree with the conclusion reached by the trial court that the attempted creation of a trust failed for indefiniteness.

Tested by the standard required for a private trust, the attempt of the testatrix fails to establish a trust, because of the uncertainty as to beneficiaries. (*Barker* .v. *Hurley,* (1901) 132 Cal. 21 [63 Pac. 1071, 64 Pac. 480].) Appellants do not question this conclusion, but rest their claim to the balance of the estate on the theory that a charitable trust was created. ■ In such a trust, the persons constituting the beneficiaries need not be certain—indeed, should not be. (*Estate of Hinckley,* (1881) 58 Cal. 457; *Collier* v. *Lindley,* (1923) 203 Cal. 641, 652 [266 Pac. 526].) But in order that a trust may be valid as a charitable trust, its objects must be limited to those of a charitable nature. (*Estate of Sutro,* (1909) 155 Cal. 727 [102 Pac. 920].) Two short quotations in the Sutro case express its thought. The first is from *Estate of Hinckley, supra:* "Where a bequest is made for charitable purposes and also for purposes of an indefinite character, which are not charitable, the whole bequest will be void." These words from the opinion in *Kendall* v. *Graner,* 5 Beav. (Eng.) 300, are also given: "It is not a question whether the trustees may apply it (the fund) to a charitable purpose, but whether, by the words of the will, they are bound to do so. The decisions go to this further extent, that they must have no option between a charitable and any other purpose."

A distribution of the Bibles to private schools and libraries, conducted entirely for profit, would not be in furtherance of a charitable purpose. (*Estate of Sutro, supra; Estate of Dol,* (1920) 182 Cal. 159 [187 Pac. 428].) The trustees, however, could limit the distribution to just such institutions, without a qualm of conscience occasioned by any limitation put upon their actions by the terms of the will. There is not one word to indicate an object of the distribution, which would serve as a guide and check on its character; nor a hint as to the class of beneficiaries, which would serve to

limit the distribution to persons or institutions serving a charitable purpose. We are constrained to affirm the order and decree, and it is so ordered.

Conrey, P. J., and York, J., concurred.