[Civ. No. 17883.  First Dist., Div. Two.  Aug. 28, 1958.]

Estate of CARRIE PRICE ROLLINS, Deceased.  EDMUND
G. BROWN, as Attorney General, etc., Appellant, v.
EUNICE C. MOOBERRY et al., Respondents.

Edmund G. Brown, Attorney General, and Clarence A. Linn, Assistant Attorney General, for Appellant.

Edwin B. Lucas, George W. Patterson and R. G. Wilkins for Respondents.

DRAPER, J.—The only question on this appeal is the validity of the residuary clause of a holographic will which reads:

"The remainder to go to some charitable institution, or research fund, or for a suitable memorial to my mother and father (no statue or monument)."

By decree determining heirship the probate court found this provision invalid, and ordered distribution of the residue of the estate under the laws of succession. The attorney general appeals. ▉ Decedent's will was executed more than 30 days but less than 6 months, before her death. Since she is survived by a sister, nephews and nieces, it follows that not more than one-third of her estate can go to charity. (Prob. Code, §§ 41, 43.) Thus approximately $50,000 is in issue here.

The parties impliedly concede that this provision, lacking certainty in its denomination of legatees, can be sustained only under the rules applicable to charitable trusts. ▉ Such a trust may exist even though no trustee is named and no intent to create a trust is stated. (Rest., Trusts, § 397(f) ; *Estate of Faulkner,* 128 Cal.App.2d 575 [275 P.2d 818] ; *Estate of DeMars,* 20 Cal.App.2d 514 [67 P.2d 374].)

Respondents contend, however, that the residuary clause does not create a valid charitable trust because it fails to limit the bequest to wholly charitable purposes, and because it fails either to designate a class of charitable beneficiaries or to name someone to make such a selection.

▉ The problem presented is essentially one of construction and, since no extrinsic evidence was introduced, is a question of law, upon which the independent judgment of this court is to be exercised. (*Estate of O'Brien,* 74 Cal.App. 2d 405, 407 [168 P.2d 432].) ▉▉ In the construction of wills, that interpretation which will avoid intestacy is to be sought (*Le Breton* v. *Cook,* 107 Cal. 410, 416 [40 P. 552]), and a residuary clause is always to receive "a broad and liberal interpretation, with a view of preventing intestacy as to any portion of the estate" (*O'Connor* v. *Murphy,* 147 Cal. 148, 153 [81 P. 406]). ▉ Charitable bequests are favored and such a bequest will not be construed to be void, if it can possibly be made good. (*Estate of Tarrant,* 38 Cal.2d 42, 46 [237 P.2d 505, 28 A.L.R.2d 419], and cases there cited.)

▉ To create a valid charitable trust, the bequest must limit the use of the fund to charitable purposes. If the language permits noncharitable, as well as charitable, uses the bequest cannot be held valid as a charitable trust. (*Estate of Sutro,* 155 Cal. 727, 734 [102 P. 920] ; *Estate of Hinckley,*

58 Cal. 457; 10 Am.Jur., Charities, § 100; 10 Cal.Jur.2d, Charities, 237-239.) Determination of this question is, of course, a matter of construction of the language used by the testator. (115 A.L.R. 1124 et seq.) The earlier decisions were somewhat quick to find the possibility of a noncharitable use. (*Estate of Sutro, supra,* 155 Cal. 727; see also dicta in *Estate of Hinckley, supra,* 58 Cal. 457.) The more recent cases, however, indicate a more liberal approach, and are less inclined to search minutely for the possibility of a noncharitable use. Indicative of this tendency is the history of the rule in New York. Our Supreme Court in *Estate of Sutro, supra,* 155 Cal. 727, cited and followed a decision of the Court of Appeals of New York (*In re Shattuck's Will,* 193 N.Y. 446 [86 N.E. 455]) holding that a bequest in trust for ''religious, educational or eleemosynary institutions'' to be chosen by the executor was invalid, because the bequest might go to a private educational institution conducted for profit. This decision has never been overruled, but it has been made clear that charitable bequests ''should not be read in an antagonistic spirit to disappoint the general intention of the will,'' and that the rule of *Shattuck* should be ''strictly confined to its own facts.'' *In re Durbrow's Estate* (1927), 245 N.Y. 469 [157 N.E. 747] ; see also *In re Frasch's Will* (1927), 245 N.Y. 174 [156 N.E. 656] ; *In re Everson's Will* (1944), 268 App.Div. 425 [52 N.Y.S.2d 395] ; *In re Hamilton's Estate,* 185 Misc. 660 [57 N.Y.S.2d 359].)

The later California decisions relied upon by respondent (*Estate of Peabody,* 21 Cal.App.2d 690 [70 P.2d 249] ; *Estate of Kline,* 138 Cal.App. 514 [32 P.2d 677] ; and *Estate of Vance,* 118 Cal.App. 163 [4 P.2d 977]) have been grouped with the Shattuck case with the comment that they do not ''manifest the favorable liberal construction which most courts give to attempted charities.'' (2A Bogert on Trusts and Trustees 36-37.) In any case, the language of the trusts involved in those cases, as well as in *Estate of Hinckley, supra,* and *Estate of Sutro, supra,* differs substantially from that of the will here in issue. Thus the constructions there reached are not controlling here.

Decedent's will makes specific mention of all the heirs at law—those who would take the residue if the charitable bequest is invalid. Decedent's sole surviving sister is left $15,000, plus Oklahoma property. The will also leaves $500 each to four nieces and nephews, children of deceased sisters of decedent. There are two nephews to whom no cash bequest

is made, but the will states "All other possible heirs are able-bodied and wage earners," and an intent to limit participation by all the heirs is shown by the sentence "If any one contests this will I give any such person $5.00."

In the light of this plan of testamentary disposition, and of the presumptions against intestacy and in favor of charitable bequests, there seems little doubt that the residuary clause is limited to charitable uses.

■ There can be no doubt that "some charitable institution" denotes charitable use only. As to a "research fund," the rule seems clear that this also is a charitable use. (2A Bogert, *supra*, 119; *In re Frasch's Will, supra*, 245 N.Y. 174 [156 N.E. 656]; see also *Estate of Purington*, 199 Cal. 661 [250 P. 657]; *Estate of Irwin*, 196 Cal. 366 [237 P. 1074].)

■ The alternative provision for "a suitable memorial to my mother and father" doubtless could be deemed to contemplate a noncharitable use (see *Estate of Gay*, 138 Cal. 552 [71 P. 707, 94 Am.St.Rep. 70]) were it not for the qualifying phrase "(no statue or monument)." But, once a statue or monument is excluded, it is difficult to conceive of a "memorial" which is not a charitable use. ■ Charitable uses are defined as those of "religious, educational, political or general social interest to mankind" (*Estate of Henderson*, 17 Cal.2d 853, 857 [112 P.2d 605]), or as those for the relief of poverty, the advancement of education or religion, or beneficial to the community generally (10 Am.Jur. 622). ■ A commercial use would be inconsistent with the desire for a "suitable memorial." Further, the failure to specify anyone to receive the profits of a commercial venture lends weight to the view that the language of the will contemplates no such activity. Thus none of the uses permitted by the residuary clause is noncharitable. It follows that the use of the disjunctive "or" is not significant, as it was in the cases relied upon by respondents. (*Estate of Sutro, supra*, 155 Cal. 727, 737; *Estate of Kline, supra*, 138 Cal.App. 514, 519.) ■ Further, a fair construction of the language of the will shows that the charitable purpose is controlling in the clause as a whole. The clause is not subject to attack upon the ground that it permits a noncharitable use of the bequest.

■ Respondents next contend that the residuary provision is not a valid charitable trust because it neither selects a class of beneficiaries nor appoints a trustee or executor to make such selection. This is the rule in some jurisdictions (2A Bogert, *supra*, 78-79), although the better rule appears

to be to the contrary (2A Bogert, *supra*, 77-78). The question has been answered in California by a decision filed since the decree was entered by the trial court in this case. In a well-considered opinion by Mr. Justice Fred B. Wood, it was held that a testamentary provision directing that the residue of the estate "go to charity" is a valid and enforceable gift to charity (*Estate of Quinn*, 156 Cal.App.2d 684 [320 P.2d 219]). ▆▆▆ Because of the application of sections 41 and 43 of the Probate Code, the intent of the testatrix can be given effect only as to a third of her estate. Respondents here have therefore taken to an extent clearly contrary to the intent of the testatrix. In the light of the applicable canons of construction, we cannot construe the will to bestow still further benefits upon these unintended beneficiaries. The residuary clause establishes a valid charitable trust. (Rest., Trusts, § 397, comment (f).)

Decree reversed.

Dooling, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied October 22, 1958. Shenk, J., was of the opinion that the petition should be granted.