The evidence discloses that in early 1964 Elizabeth Thomason was suffering from terminal cancer, and on January 29, 1964, she made and executed a holographic will which, subsequent to her demise on July 4, 1964, was admitted to probate on July 31, 1964.
The decedent was survived by her sole heir and spouse, Clyde V. Thomason, whom she had married on December 21, 1927. During the course of the marriage, both husband and wife had been gainfully employed and had managed to accumulate a sizeable community estate by combining their respective salaries. At the time of the wife's demise, the surviving husband was 66 years of age and had been retired from service with the railroad on a monthly pension in the sum of $192.20. The husband had suffered from a drinking problem for many years prior to the demise of the testatrix and had been hospitalized from time to time because of this affliction. The decedent made reference to his illness in the holographic will. The estate of the decedent was appraised in value in the sum of $73,400. The family home, which constituted the decedent's separate property, was devised to the surviving spouse for life, and upon his death the will directed that the residence be sold and the proceeds turned over to cancer research. The testatrix also directed that her husband receive the dividends from certain stocks as long as he lived and upon his demise the proceeds of the sale of such stocks be similarly turned over to cancer research. The will also made provision for numerous specific bequests to friends, together with a substantial bequest for the care of a pet dog, but said gifts are not involved in this appeal.
The executrix filed a petition for a decree determining heirship and interests in the estate. A statement of interest was filed by the Attorney General of the State of California asserting that the bequests for cancer research constituted valid *Page 796 
charitable gifts and requested that the court select a suitable organization to receive the bequests, in trust, for cancer research. A statement of interest was filed by the surviving husband alleging he was the sole heir-at-law of decedent and except for the family residence, which was the separate property of the testatrix, the entire estate consisted of community property and, consequently, he was entitled to a life interest in the residence and a percentage of the community property. The surviving spouse also filed a separate action in the Orange County Superior Court wherein he sought a decree quieting title to his half of all community property. The American Cancer Society, California Division, filed a statement of interest in response to the petition of the executrix alleging that it was the organization intended by testatrix to receive the gift described in the will for "cancer research," and that it was actively engaged in the distribution of funds to organizations and individuals for cancer research purposes. Other legatees also filed statements of interest, but as indicated previously, their interests are not involved on appeal.
The petition for decree determining heirship and interests in the estate was consolidated for trial with the quiet title action and extrinsic evidence was introduced in both cases. In the quiet title action, the court found the personal property in the estate to be community property, and the surviving spouse's title to a one-half interest therein was quieted and said interest declared not to be an asset of the estate. A further hearing was held in April 1965 on the heirship petition, and the court indicated that it was seriously considering the selection of the University of California as recipient of the bequests for cancer research and the Attorney General was requested to notify the American Cancer Society to such effect. The University of California indicated its willingness and ability to apply the bequests for cancer research, but on July 13, 1965, the court notified the parties that contrary to its initial inclination, it was designating the American Cancer Society, California Division, to receive the bequests for cancer research, and in its findings, the court ordered that said bequests for cancer research be limited to one-third of the net distributable estate.
The court, inter alia, made the following specific findings and conclusions:
"That by instituting a quiet title action as to one-half of the community property and obtaining a judgment quieting title *Page 797 
as to said property . . . (the surviving spouse) elected to take against decedent's Will and thereby renounced any right to take under decedent's Will.[1]
"By virtue of the judgment . . . in favor of . . . decedent's husband, quieting title to one-half interest in all community property assets, such one-half of community property assets are not assets of this estate.
". . . [T]he provision in decedent's Will `the property to be sold and turned over to Cancer research' is a valid charitable gift and that no organization is named in the Will to take said bequest.
". . . [T]he American Cancer Society, California Division, is a California charitable corporation having as one of its purposes the solicitation and distribution of funds for cancer research; that the Court designates said American Cancer Society, California Division, as the proper organization to receive said bequest and said bequest is to be used only for cancer research.
"The Court finds that, pursuant to section 41 of the probate code of the State of California, decedent's Will was executed more than 30 days before her death, but that she left surviving her husband, Clyde V. Thomason, who, under the laws of succession, would otherwise have taken the property devised and bequeathed to cancer research."
In October 1965 the trial court entered its decree determining heirship and interests in estate, which provided in essence that the charitable bequest be distributed in the following proportions: one-third of the net distributable estate to American Cancer Society, California Division; and the remaining two-thirds of the net distributable estate to the surviving spouse.
An appeal initiated by the Attorney General was then timely filed. Appellant contends that where a court is required to appoint a trustee to receive a valid charitable bequest, it is under a duty to exercise that discretion in a manner that will carry out the intent of the testatrix to the fullest extent possible under the law, and that it was an abuse of the trial court's discretion to appoint a non-exempt charitable organization under section 41 of the Probate Code, thus limiting the charitable bequest to one-third of the net distributable estate, when an exempt trustee could also have been appointed under section 42 of the Probate Code to receive the remaining *Page 798 
two-thirds of the net distributable estate without any limitation or restriction applicable to the balance of the charitable bequest.
It should be particularly noted that neither the appellant-State nor the respondent-surviving spouse opposes the appointment by the court of the American Cancer Society as donee of the one-third interest. The appeal is directed to the court's order appointing the American Cancer Society to receive the entire charitable bequest inasmuch as such appointment results in a substantial defeasance of the bequest by reason of the limitations contained in section 41, Probate Code.
[1] It is clearly the law of California that a charitable trust will not be declared invalid for failure of a testator to designate a trustee in his last will and testament, and that where no trustee is named, the court will appoint a trustee. (SeeFay v. Howe, 136 Cal. 599, 602-603 [69 P. 423]; Estate ofGay, 138 Cal. 552, 554 [71 P. 707, 94 Am.St.Rep. 70]; Estate ofMcKenzie, 227 Cal.App.2d 167, 172 [38 Cal.Rptr. 496, 7 A.L.R.3d 1275]; Estate of Quinn, 156 Cal.App.2d 684, 688 [320 P.2d 219]; Estate of Faulkner, 128 Cal.App.2d 575, 578 [275 P.2d 818].)
[2] Charitable uses are defined as those of religious, educational, political or general social interest to mankind (Lundberg v. County of Alameda, 46 Cal.2d 644, 650 [298 P.2d 1]; Estate of Robbins, 57 Cal.2d 718, 722 [21 Cal.Rptr. 797,371 P.2d 573]; Estate of Moore, 190 Cal.App.2d 833, 838 [12 Cal.Rptr. 436]; Estate of Weis, 224 Cal.App.2d 19, 22 [36 Cal.Rptr. 266]; Estate of McKenzie, supra, 227 Cal.App.2d 167, 169-170; Estate of Henderson, 17 Cal.2d 853, 857 [112 P.2d 605]), or as those for the relief of poverty, the advancement of education or religion, or beneficial to the community generally. (Estate of Rollins, 163 Cal.App.2d 225, 229 [328 P.2d 1005].)[3] To create a valid charitable trust, the bequest must limit the use of the fund to charitable purposes. (Estate of Vance,118 Cal.App. 163, 164 [4 P.2d 977]; Estate of Moore, supra, at p. 836; Estate of Sutro, 155 Cal. 727, 734 [102 P. 920].)
In point of fact, none of the parties herein challenges the validity of the charitable gift or the duty of the court to appoint a trustee for the purpose of carrying out the purposes of the trust, and the trial court specifically found that the provision in the testatrix's holographic will, directing that "the property . . . be sold and turned over to cancer research" *Page 799 
constituted a valid charitable gift, even though no organization was named in the will to act as trustee. (See Estate of Rollins,supra, 163 Cal.App.2d 225, 229; Estate of Moore, supra,190 Cal.App.2d 833, 839.)
[4] While it is the general rule in the interpretation of wills that a will is to be construed according to the intent of the testator, as expressed therein (Estate of Resler, 43 Cal.2d 726, 732 [278 P.2d 1]; Estate of Strong, 244 Cal.App.2d 250
[52 Cal.Rptr. 919]; Estate of Sandersfeld, 187 Cal.App.2d 14, 19 [9 Cal.Rptr. 447]), and that such intent must be given effect as far as possible (Estate of Lawrence, 17 Cal.2d 1, 6 [108 P.2d 893]; Prob. Code, § 101), it is likewise fundamental that the intent covering the construction of a will is not that which existed in the testator's mind, but that which existed in the language of the will itself. (Estate of Douglass, 70 Cal.App.2d 279
[161 P.2d 66].)
Section 41 of the Probate Code provides in part as follows: "No estate, real or personal, may be bequeathed or devised to any charitable . . . society or corporation . . . by a testator who leaves a spouse, brother, sister, nephew, niece, descendant or ancestor surviving him, who, under the will, or the laws of succession, would otherwise have taken the property so bequeathed or devised, unless the will was duly executed at least 30 days before the death of the testator. If so executed at least 30 days before death, such devises and legacies shall be valid, but they may not collectively exceed one-third of the testator's estate as against his spouse, brother, sister, nephew, niece, descendant or ancestor, who would otherwise, as aforesaid, have taken the excess over one-third. . . . All property bequeathed or devised contrary to the provisions of this section shall go to the spouse, brother, sister, nephew, niece, descendant or ancestor of the testator, if and to the extent that they would have taken said property as aforesaid, but for such devises or legacies. . . ." [5] The restrictions on charitable bequests contained in section 41 of the Probate Code are modified by the succeeding sections of the Probate Code. (Estate of Gutierrez, 220 Cal.App.2d 6, 13 [33 Cal.Rptr. 593]; see Prob. Code, §§ 42, 43.) Section 42 of the Probate Code provides, inter alia, that certain state, municipal, county, and other governmental institutions and certain public and private educational institutions are excepted from the limitations of section 41 of the Probate Code, and said public agencies and public and private educational institutions are not restricted *Page 800 
to receipt of only one-third of the testator's estate. Embraced within the exempt institutions and agencies entitled to the benefits of section 42 of the Probate Code are the following organizations: (1) Regents of the University of California (Estate of Nicely, 235 Cal.App.2d 174 [44 Cal.Rptr. 804];Estate of Purington, 199 Cal. 661 [250 P. 657]); (2) Claremont College (Estate of Letts, 200 Cal.App.2d 708 [19 Cal.Rptr. 502] ); (3) University of California at Berkeley (Estate ofDuBois, 94 Cal.App.2d 838 [211 P.2d 895]); (4) Trustees of Pasadena College (Estate of Davis, 74 Cal.App.2d 357
[168 P.2d 789]); and (5) University of California at Los Angeles (Estateof Munson, 54 Cal.App.2d 590 [129 P.2d 420].) [6] A bequest to the trustees or to the treasurer of a university or of an institution is not a gift to them as individuals, but the bequest goes to the university or the institution itself. (Estate ofClippinger, 75 Cal.App.2d 426, 433 [171 P.2d 567].) In each of the cited cases the testator had designated a specific exempt educational institution as recipient of his bounty.
[7] While it is true that courts look with favor upon all attempted charitable donations and will endeavor to carry them into effect if it can be done consistently with rules of law, and to favor gifts for charitable purposes in order to accomplish the intent of the donor (Estate of Moore, supra, 190 Cal.App.2d 833, 838; Estate of McNeill, 230 Cal.App.2d 449, 452 [41 Cal.Rptr. 139]; Estate of Tarrant, 38 Cal.2d 42, 46 [237 P.2d 505, 28 A.L.R.2d 419]), it is likewise the policy of the law, as defined in section 41 of the Probate Code, to preclude a testator from leaving more than one-third of his or her estate to non-exempt charities to the detriment of a surviving spouse, brother, sister, nephew, niece, descendant, or ancestor who otherwise would have taken under the will or the laws of succession of the State of California. (See Estate of Hughes,202 Cal.App.2d 12, 16 [20 Cal.Rptr. 475]; Estate of Nicely,supra, 235 Cal.App.2d 174.) [8] Statutes in derogation of charitable bequests and devises are enacted on the theory of protection of heirs who, as a matter of law, are deemed more entitled to testator's bounty than indefinite beneficiaries of charitable institutions. (Estate of Gutierrez, supra, 220 Cal.App.2d 6. ) [9] Legislative restrictions on bequests to charities are not intended as mortmain statutes or as declaratory of any public policy in opposition to charitable dispositions by will, but the Legislature's manifest objective is to protect heirs-at-law against hasty and improvident gifts by the decedent of his entire estate to charity and to the exclusion *Page 801 
of those who, in the judgment of the legislative body, had a better claim to his bounty. (Estate of Gutierrez, supra;Estate of Dwyer, 159 Cal. 680 [115 P. 242]; see Joslin, Re:Restrictions on the Testamentary Gift to Charities inCalifornia, 25 So.Cal.L.Rev. 419 (1952); Rees, American WillsStatutes: II, 46 Va.L.Rev. 856, 867-869 (1960).) [10] The purpose of section 41, Probate Code, is to protect the heirs named as natural objects of testator's bounty and not as a discrimination against charities in limiting their power to take. (Estate of Dwyer, supra, at p. 687; Estate of Adams, 164 Cal.App.2d 698, 702 [331 P.2d 149]; Estate of Hughes, supra.)[11] Any person constituting a member of the class defined in section 41, Probate Code, has a right to object to a charitable devise or bequest in the event that the amount of the gift exceeds the limitations of such section (Estate of Gutierrez,supra), provided that an heir of the designated class may avoid a charitable bequest only to the extent he would have taken the estate in the absence of such bequest. (Estate of Leymel,103 Cal.App.2d 778, 781-782 [230 P.2d 48].)
In Estate of Rollins, supra, 163 Cal.App.2d 225, the testatrix prepared a holographic will containing specific devises and bequests, and the residuary clause contained the following language: "The remainder to go to some charitable institution or research fund, or for a suitable memorial to my mother or father (no statue or monument)." The trial court held the residuary clause invalid and ordered the residue of the estate distributed pursuant to the laws of succession, and the Attorney General appealed. Decedent's will had been executed more than 30 days, but less than six months, before her demise. The testatrix left surviving her a sister, nephews and nieces, all of whom constituted members of the protected class. No trustee was designated to receive the bequest for charitable or research purposes. The primary issue on appeal related to the validity of the residue clause, and the heirs contended that said clause included noncharitable ("memorial to mother or father") as well as eleemosynary ("charitable institution or research fund") purposes, and cited the law that in order to create a valid charitable trust, the bequest must limit the use of the funds solely for charitable purposes. The reviewing court held that the residuary clause of a will leaving the remainder "to some charitable institution or research fund" denotes a valid charitable purpose. The court further ruled that since the testatrix was survived by a sister and other relatives within *Page 802 
the class entitled to protection pursuant to the provisions of section 41, Probate Code, that only one-third of the estate could be distributed to charitable purposes. Thus, the limitations of section 41, Probate Code, were held applicable to the bequest and only one-third of the residuary estate was distributed to charity.
Appellant urges that the court's decision in Estate ofRollins, supra, 163 Cal.App.2d 225, limiting the charitable devise to one-third of the testatrix's estate, was mere dictum,
and that this court should disapprove that portion of the opinion which limited the bequest to the amount imposed by section 41, Probate Code, inasmuch as the primary issue involved in the cited case related to the validity of the gift as distinguished from any issue involving the application of section 41, Probate Code.[12] However, public policy considerations as represented by legislative and decisional law soundly enunciate the doctrine that heirs are to be protected in preference to indefinite beneficiaries of charitable institutions. While the testatrix herein could have expressly designated an exempt institution as donee in her will, having failed to effect a selection, the trial court was bound to consider the interest of the surviving spouse as a member of the protected class. The trial court herein did not abuse its discretion in considering legislative policy and court decisions in limiting the bequest to one-third of the net distributable estate inasmuch as it did find that the bequest constituted a valid charitable gift and did select the American Cancer Society, a qualified non-exempt institution, as trustee to receive one-third of the estate. Thus, the testatrix's purpose in bequeathing her estate for cancer research was accomplished, and the surviving spouse's interest in the estate was protected by the appointment of a qualified non-exempt trustee.
Decree affirmed.
McCabe, P.J., and Tamura, J., concurred.
Appellant's petition for a hearing by the Supreme Court was denied December 28, 1966. Sullivan, J., did not participate therein.
[1] The election by the surviving spouse was apparently made pursuant to the provisions of sections 201.5 and 210.7 of the Probate Code. *Page 803