[L.A. No. 30670. Apr. 11, 1977.]

Estate of JACK KASEROFF, Deceased.
MARION E. KYSAR, Petitioner and Appellant, v.
JAMES D. PETTERSON, as Administrator, etc.,
Petitioner and Respondent.

## COUNSEL

Cate & Will and Clifford C. Cate for Petitioner and Appellant.

Eagleton & Petterson and Kelsey Petterson for Petitioner and Respondent.

## OPINION

**CLARK, J.**—This is an appeal from an order granting letters of administration with will annexed to the nominee of testator's spouse. Appellant is the nominee of testator's children.

Testator executed a holographic will. The will leaves virtually all of testator's property to his children and sisters. The relevant portion of the will provides: "[testator's wife] is to receive one dollar only ($1 no/100). Nothing else. She left me and my house on Feb. 10, 1965. Took all her possessions and all her furniture. I have paid her in cash for her share of the Carolina property. Total amount paid in 3 years time $3,000 no/100. Three Thousand Dollars. I have a receipt from [testator's wife] stating Paid in Full to date. Paid in Providence, Rhode Island. July 1962. She . . . has no claim of any kind against any of the property. Mr. J. G. Robertson has all of the details concerning [testator's wife]. *Do not pay her anything.* She stole enough money from me during the time I was at sea working." (Italics in original.)

The will did not provide for an executor. In 1973, an administrator with the will annexed was appointed without opposition. When the appointed administrator died, testator's spouse and children filed separate petitions for letters of administration seeking to nominate respondent and appellant respectively. The probate court granted letters of administration to respondent, testator's wife's nominee, imposing the requirement of a bond in the amount of $24,000.

■ Appellant contends the probate court erred in awarding letters of administration to respondent. Appellant argues she has priority over respondent pursuant to Probate Code section 409.[1] Her contention is correct.

---

[1]Unless otherwise indicated, all statutory references are to the Probate Code.

Section 409 provides in relevant part: "Persons are entitled to appointment as administrators with the will annexed in the same order of priority as in the appointment of administrators, except that, *one who takes under the will has priority over one who does not,* . . ." (Italics added.) Section 422 grants priority in appointment of administrators first to a surviving spouse or a person the spouse requests, and then to the children.

The policy in favor of takers is also reflected by subdivision (b) of the latter section stating: "A relative of the decedent who is entitled to priority under subdivision (a) is entitled to priority only if either of the following facts exist: [¶] (1) The relative is entitled to succeed to all or part of the estate."[2] For purposes of this statute, a spouse is a relative of the decedent. (*In re Davis* (1895) 106 Cal. 453, 455 [39 P. 756].)

■ Testator's spouse, respondent's nominor, is not a taker under the will within the meaning of section 409. A will is to be construed in a manner consistent with the testator's intention. (§ 101.) The testator's intent is determined from the language of the will itself. (*Estate of Thomason* (1966) 245 Cal.App.2d 793, 799 [54 Cal.Rptr. 229].) Here, the will compels the conclusion testator intended to disinherit his spouse. As a general rule and by custom, a one dollar provision indicates the testator contemplated disinheritance—not a bequest. (*Estate of Moore* (1963) 219 Cal.App.2d 737, 741 [33 Cal.Rptr. 427]; *Estate of Frinchaboy* (1951) 108 Cal.App.2d 235, 238 [238 P.2d 592].) Testator's will in the instant case unambiguously demonstrates an intent to disinherit—consistent with the general rule. The relevant portion of the will states that it leaves to the spouse one dollar "nothing else." Further, immediately following these provisions, the will directs *"Do not pay her anything,"* the emphasis on this language in the will being the testator's. In view of the obvious intent of the testator and from the fact the will on this issue is wholly unambiguous, we conclude testator's spouse has been effectively disinherited. (Cf. *Estate of Flint* (1972) 25 Cal.App.3d 945, 959-962 [102 Cal.Rptr. 345].)

■ Because testator's spouse is not a taker under the will, section 409 grants priority to the children. This conclusion, however, does not dispose of the present proceeding. The dispute here is between the

---

[2]Subdivision (b)(2) is concerned with the status of a person entitled to succeed to the estate of a deceased person who was entitled to succeed to all or part of the decedent's estate. The subdivision is not here relevant.

spouse's nominee and the children's nominee. The position of nominees is, in general, governed by section 423.

Section 423 provides: "Administration may be granted to one or more competent persons, although not otherwise entitled to the same, at the written request of the person entitled or of a child . . . of the decedent who would be entitled but for his nonresidence in California, filed in court. If the person making the request is a child . . . the nominee shall have priority next after those in the class of the person making the request; . . ."[3]

As noted, the persons entitled to administration are testator's children. Accordingly, under section 423, appellant, as the children's nominee, has the priority of the class next after the children. At this point then, the priority dispute is between the spouse's nominee and appellant's priority position next after the children.

Appellant has priority over respondent. Although respondent possesses the priority of the surviving spouse, his nominor, testator's spouse, does not succeed to all or part of testator's estate. Because the position of the spouse's nominee under section 422, subdivision (a), is commensurate with the position of the spouse, respondent's priority is also negated by section 423. Accordingly, as between appellant and respondent, appellant has priority.

This conclusion is consistent with the policy of the law placing administration in the hands of persons most likely to manage the estate property to the best advantage of those beneficially interested. (*Estate of Trissel* (1962) 208 Cal.App.2d 188, 193 [25 Cal.Rptr. 205]; *Estate of Henry* (1960) 181 Cal.App.2d 173, 178 [5 Cal.Rptr. 582]; *Estate of Jacobs* (1950) 100 Cal.App.2d 452, 454 [223 P.2d 898].) Respondent is the nominee of an estranged spouse disinherited by the will; appellant is the nominee of the testator's children, the principal beneficiaries. Under these circumstances, appellant is more likely to manage the estate to the best advantage of the beneficiaries.

---

[3]The fact appellant's nominors, testator's children, are residents of Hawaii does not alter their ability to nominate administrators. (§ 423; 7 Witkin, Summary of Cal. Law (8th ed. 1974) Wills and Probate, § 300, pp. 5792-5793.)

We conclude appellant is entitled to letters of administration with will annexed. The order of the probate court is reversed with directions to grant letters of administration with will annexed to appellant.

Tobriner, Acting C. J., Mosk, J., Richardson, J., Sullivan, J.,* and Thompson (R. S.) J.,† concurred.

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.

†Assigned by the Chairman of the Judicial Council.