# BROWN, ET AL. *v.* BROOKS

[No. 83, September Term, 1969.]

*Decided December 5, 1969.*

The cause was submitted on brief to HAMMOND, C. J., and BARNES, FINAN, SINGLEY and SMITH, JJ.

Submitted by *William V. Meyers* and *Leo William Dunn, Jr.* for appellants.

Submitted by *Robert E. Ennis* and *William H. Mc-Cullough* for appellee:

SMITH, J., delivered the opinion of the Court.

We are here concerned with whether an agreement between a husband and a wife extinguished the husband's statutory right of inheritance in the estate of the wife. Judge Powers in the Circuit Court for Prince George's County held that it did not. We shall sustain his decision.

Appellee, Roy Brooks (Brooks), was the husband of Martha S. Brooks. They separated in 1952. Mrs. Brooks and Mary E. Brown, her sister and one of the appellants, owned a tract of land in Prince George's County formerly owned by their father, John Scott, another appellant. Mrs. Brown and Mrs. Brooks desired to erect a home on the land they owned. An instrument was prepared in the following language:

> "That I, Roy Brooks * * * do hereby GRANT, RELEASE, REMISE, and FOREVER QUITCLAIM unto MARTHA S. BROOKS, * * * her heirs and assigns forever, all the dower, right, title, interest and demand whatsoever which I may have in law or equity, all the lands, tenements, hereditaments and real estate whereof the said MARTHA S. BROOKS is now seized or possessed, or any lands, tenements, hereditaments and real estate which the said MARTHA S. BROOKS might be seized or possessed at any time in the future, so that neither I, my heirs, executors, administrators, or assigns, nor any other person or persons for me shall have any claim, demand, or right of dower in and to such lands, or any part thereof, but shall be utterly barred and excluded forever."

The acknowledgment contains the words "* * * and acknowledged the aforegoing release of dower to be his act." The attorney for the lender said he was handed

this instrument at the time of settlement for the deed of trust on November 21, 1963. The instrument in question was dated February 23, 1962, and recorded among the land records of Prince George's County immediately subsequent to the deed of trust.

Mrs. Brooks died intestate. Brooks is the administrator. He brought an action for a declaratory decree against Mrs. Brown, her husband and John Scott, the father of Mrs. Brooks, for the purpose of determining whether or not, as contended by the sister and father, Brooks was barred by this agreement from any claim in his wife's estate.

The general rule is that a release of dower or of curtesy does not extend to rights of inheritance. 23 Maryland rule is set forth in *Pulaski v. Riland,* 199 Md. Am.Jur.2d, *Descent and Distribution,* § 132 (1965). The 426, 86 A. 2d 907 (1952). There an agreement was executed in which each party waived "his and her dower rights against the other". Chief Judge Marbury said for the Court:

> "The general rule of construction as to both ante-nuptial and post-nuptial agreements is that they will not bar the right of a surviving spouse in the estate of the other, unless there is a clear statement to that effect, or a necessary implication. This rule was applied in a case where a husband agreed that his wife should hold her property 'free from all rights of the said' husband 'with full power to her to convey, assign, or deal with the same as if she were single.' When the wife died, the court said that the husband had not given up his rights in her estate. *Hewitt v. Shipley,* 169 Md. 221, 181 A. 345, 346. We must, of necessity, conclude that nothing in the agreement between Dr. Riland and his wife bars her from claiming her statutory right of inheritance to share in her husband's real and personal estate." *Id.* at 433-34.

Cf. *Kenny v. Peregoy,* 196 Md. 630, 78 A. 2d 173 (1951), in which the agreement provided that all property of the wife which she had or which might later devolve upon her should "be her sole and separate property, wholly free from any rights of the [husband] during her life or after her death, with full power to her to convey, assign, charge, or will the same as if unmarried." It also provided that the husband renounced all rights in all property of the wife as "husband, widower, heir, next of kin or successor". The husband's statutory rights of inheritance were held released.

Any ambiguity that might exist in this instrument is resolved by its concluding words, because the instrument proceeds to explain exactly what it means when it states:

> "* * * *so that* neither I, * * * nor any other person * * * for me shall have any claim, demand, or right of dower in and to such lands * * * but shall be utterly barred and excluded forever." (emphasis added)

When one examines that explanation appearing in the instrument itself, the conclusion is inescapable that the instrument was intended to be a deed of release of dower, particularly when the parties characterized it in the acknowledgment as a "release of dower". There certainly is no clear statement in the instrument itself of an intent to release the husband's statutory rights of inheritance in his wife's estate. Accordingly, the trial judge should be affirmed.

*Judgment affirmed; appellants to pay the costs.*